UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL GLEIT,

                    Plaintiff,

-against-

TAYLOR FRANCOIS-BODINE,
Individually and d/b/a FRANCOIS-BODINE
CONSULTING

                    Defendant.

**COMPLAINT**

Docket No.: _____

Plaintiff Paul Gleit, by his attorneys, Kaufmann Gildin & Robbins LLP, as and for his Complaint against Defendant alleges as follows:

## INTRODUCTION

1. This action, seeking monetary damages, rescission, a declaratory judgment and an award of attorneys' fees, arises out of the parties' execution of a written agreement pursuant to which Defendant agreed to provide social introductions, matchmaking and related social referral services to Plaintiff, and, thereafter Defendant's fraudulent extraction of more than $400,000 from Plaintiff in connection therewith.

2. The excessive payments made by Plaintiff to Defendant were not authorized by the parties' agreement and were wrongfully extracted from Plaintiff. Moreover, the parties' agreement is void *ab initio* under applicable New York law, thereby entitling Plaintiff to recover full restitution and refund of all payments made by him to Defendant, together with reasonable attorneys' fees and punitive damages.

## THE PARTIES

3. Plaintiff Paul Gleit ("Gleit") is an individual residing in the County and State of New York.

4. Upon information and belief, Defendant Taylor Francois-Bodine ("Taylor") is an individual residing in the State of Virginia.

5. Upon information and belief, Taylor is the sole owner and principal executive of a business she operates under the name Francois-Bodine Consulting.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 as there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction in this action pursuant to 28 U.S.C. §1367.

7. Venue is properly placed in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted occurred within this district.

8. Defendant is subject to the jurisdiction of this Court under CPLR §301 because Defendant has engaged in a continuous and systematic course of doing business in New York.

9. Defendant is also subject to the jurisdiction of this Court under CPLR §302(a) based upon Defendant's transaction of business (including entering into the parties' agreement) and tortious activity within New York related to the claims asserted herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Gleit is a businessman and investor who resides in New York County, New York.

11. In or about mid-May 2017, Gleit became acquainted with Taylor and her business, Francois-Bodine Consulting, which provides social referral, that is, matchmaking, services.

Doc Num 254710-V1

12. Taylor markets Francois-Bodine Consulting as the leading luxury matchmaking and elite relationship consulting firm in the Greater Washington D.C. metropolitan area, and claims to do business not only in that area, but nationwide.

13. In May 2017, Gleit and Taylor had a series of conversations concerning Francois-Bodine Consulting and the matchmaking services that could be provided to Gleit. These communications included telephone conversations between Gleit in New York and Taylor in Washington, D.C. and email communications between Gleit and Taylor. In addition, Gleit reviewed Taylor's Francois-Bodine Consulting website (www.francois-bodine.com) and other information concerning Taylor and Francois-Bodine Consulting from his home and place in business in New York, New York.

14. During these conversations, Taylor told Gleit that she routinely provided matchmaking services to clients in New York, and that she travelled to New York City approximately twice a month to work from an office that she maintained in New York City for that purpose.

15. On or about May 25, 2017, Taylor emailed a proposed agreement, entitled "Francois-Bodine Consulting Personal Introductions Agreement" (the "Agreement"), to Gleit. The Agreement recites that Francois-Bodine Consulting is "a nationally based firm" that "is in the business of providing introductions to individuals to enable them to meet others for the purpose of entering into long-term romantic relationships/marriage."

16. On or about May 25, 2017, Gleit electronically signed the proposed Agreement and returned it to Taylor.

17. Pursuant to the Agreement, Gleit retained Francois-Bodine Consulting to provide him with matchmaking and social referral services (for a minimum period of two years) in

consideration for a payment by Gleit of a "Consulting/Matchmaking Fee" in the amount of $35,000 (the "Fee") and a processing fee of $490.

18. The Agreement provides that the $35,000 Fee "encompasses the complete matchmaking fee for an unlimited amount of introductions."

19. The parties agreed that the $35,000 Fee could be paid in installments over time.

20. Between May 20, 2017 and October 18, 2017, Gleit made ten payments to Defendant by Visa card or wire transfer in the aggregate amount of $39,790.

21. Gleit was told by Taylor that all services provided to him were within the scope of the services referred to in the parties' Agreement and therefore were not subject to additional fees or charges.

22. Gleit was never asked to pay, nor did he ever agree to pay, additional fees, in excess of the $35,000 Fee, for additional services beyond those contemplated by the parties' Agreement.

23. Gleit never requested or received additional services (other than those referred to in the parties' Agreement) from Taylor or Francois-Bodine Consulting.

24. At the beginning of November 2017, Taylor and other Francois-Bodine Consulting representatives began to demand that Gleit make additional payments to them, despite Gleit's prior payment in excess of the $35,000 Fee (the last installment of which was made on October 18, 2017).

25. In November 2017, Taylor and other Francois-Bodine Consulting representatives applied high-pressure sales tactics through constant communications to Gleit through various methods, in which they misrepresented the nature and amount of the demanded additional payments.

26. In November 2017, Taylor and other Francois-Bodine Consulting representatives falsely stated to Gleit that he owed them additional fees under the parties' Agreement for, among other things, credit card reversal charges and bank fees.

27. On November 10, 2017, Taylor stated in an email to Gleit and a Francois-Bodine Consulting representative that other than $4,509 that he purportedly owed, Gleit "does not owe any more money for the duration of his time with us unless he elects for additional services."

28. On or about November 13, 2017, Taylor and Francois-Bodine Consulting provided Gleit with a proposed agreement for his signature which provided that, upon Gleit's additional payment to Taylor and Francois-Bodine Consulting of an additional $81,819, Gleit would owe Taylor and Francois-Bodine Consulting no further payments for the balance of the term of the parties' Agreement.

29. Taylor and other Francois-Bodine Consulting representatives falsely stated to Gleit that he owed them additional fees of $81,819 for, among other things, credit card reversal charges and bank fees.

30. On or about November 13, 2017, notwithstanding that he did not truly understand the reason for the $81,819 charges and Taylor's prior acknowledgement that such amount was not owed, Gleit executed this proposed agreement (the "November Agreement") and returned it to Taylor and Francois-Bodine Consulting.

31. Notwithstanding the November Agreement, and despite Gleit's payment of the $81,819 referred to above, Taylor and Francois-Bodine continued to pressure Gleit to deliver additional payments to them.

32. In reliance on the misrepresentations made to him, and as a result of the high pressure sales techniques employed upon him by Taylor and others on behalf of Francois-Bodine

Consulting between November 7 and November 28, 2017, Gleit made an additional 13 payments to Defendant in the aggregate amount of $387,414 (hereinafter "Additional Payments"), $293,456 of which were paid after Gleit signed the November Agreement.

33. Between May 25, 2017 and November 1, 2017, Taylor and Francois-Bodine Consulting provided Gleit with a total of approximately eight (8) social introductions which resulted in six (6) social dates (which took place in New York City, Washington D.C. and Florida).

34. In late November 2017 (after the November Agreement), Taylor and other Francois-Bodine Consulting representatives demanded that Gleit pay an additional $50,000 in fees.

35. Only when Gleit's counsel communicated with Taylor by email on December 1, 2017 did she withdraw the demand, claiming that the demand had been "an error" and that he was "paid in full for his two year remainder."

36. Upon realizing that Taylor and Francois-Bodine Consulting had lied to him about bank fees and credit card charges and otherwise defrauded him, and had demanded and received fees well in excess of the fees contemplated by the parties' Agreement, Gleit demanded a refund of the Additional Payments, which demand has been rejected by Defendant and her representatives.

37. Defendant's conduct was egregious and tortious, and upon information and belief part of a pattern of similar conduct directed at the public generally, thereby justifying the imposition of punitive damages.

## FIRST CLAIM
## (Violation of New York General Business Law §394-c)

38.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-37 as though fully set forth herein.

39.     The parties' Agreement constitutes a contract for social referral services as that term is defined in New York General Business Law §394-c.

40.     The parties' Agreement violates New York GBL §394-c because, *inter alia,* (i) the Agreement charges in excess of $1,000; (ii) the Agreement does not provide for delivery of a specified certain number of social referrals per month; (iii) the Agreement does not contain an option to cancel the contract and receive a refund in the event the services provider does not provide a specified certain number of referrals for two or more successive months; (iv) the Agreement does not contain a notice of a right to cancel the contract within three days of receipt by a buyer; and (v) the Agreement does not contain the "Dating Service Bill of Rights" required by this statute.

41.     As a result of Defendant's violation of GBL §394-c, Gleit is entitled to recover his actual damages from Defendant, which in this case constitute the full amount of all payments made by Gleit to Defendant.

## SECOND CLAIM
## (Violation of New York General Business Law §349)

42.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-37 as though fully set forth herein.

43.     Defendant's business practices described above, including the offer of an unlawful contract for social referral services within the State of New York, constitute a violation

Doc Num 254710-V1

of General Business Law §349, which renders unlawful deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service within New York State.

44. Defendant's deceptive business practices caused Gleit to suffer damages in the amount of all payments made by Gleit to Defendant.

45. Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

46. Defendant's deceptive acts and practices were misleading to Gleit and would be misleading to a reasonable consumer.

47. Upon information and belief, Defendant has marketed their social referral services to residents of the State of New York, including Gleit, in New York.

48. As a result of the foregoing, Gleit has been damaged in an amount to be determined at trial, but in any event not less than the full amount paid by Gleit to Defendant.

49. Pursuant to GBL §349, in addition to actual damages, Gleit is entitled to recover from Defendant his reasonable attorneys' fees.

### THIRD CLAIM
### (Declaratory Judgment)

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-37 as though fully set forth herein.

51. The Agreement constitutes a marriage brokerage contract, which is void as a matter of law.

52. Gleit is entitled to a declaratory judgment that the Agreement is void as a matter of law.

Doc Num 254710-V1

53. Gleit is entitled to a declaratory judgment that the Agreement is void as a matter of law and is entitled to receive a full refund of all payments made by him to Defendant pursuant to the unlawful and void Agreement.

54. Gleit has no adequate remedy at law.

## FOURTH CLAIM
### (Breach of Contract)

55. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-37 as though fully set forth herein.

56. Gleit has fully performed and complied with the terms and conditions of the parties' Agreement and November Agreement.

57. Defendant's high pressure, repeated demands for additional payments from Gleit, which payments were not authorized by the parties' Agreement or November Agreement, constitutes a breach of contract and breach of the implied covenant of good faith and fair dealing contained therein.

58. As a result of the foregoing, Gleit is entitled to damages in an amount to be determined at trial, but in any event not less than the total amount paid by Gleit to Defendant.

## FIFTH CLAIM
### (Unjust Enrichment)

59. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-37 as though fully set forth herein.

60. By virtue of the conduct set forth above, Defendant has been improperly and unjustly enriched at Gleit's expense.

61. As a result of the foregoing, Gleit has suffered damages in an amount to be proven at trial, but in any event not less than the total amount paid by Gleit to Defendant.

Doc Num 254710-V1

## SIXTH CLAIM
## (Common Law Fraud)

62. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-37 as though fully set forth herein.

63. Defendant's material misrepresentations, detailed above, were false and known to be false by the Defendant, made for the purpose of inducing Gleit to rely upon them to his detriment.

64. Gleit justifiably and reasonably relied on Defendant's misrepresentations, causing him to sustain injury and damages.

65. As a result of the foregoing, Gleit has sustained damages in an amount to be proven at trial, but in any event not less than the total amount paid by Gleit to Defendant.

## SEVENTH CLAIM
## (Rescission)

66. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-37 as though fully set forth herein.

67. Defendant intentionally made false representations to Gleit, as detailed above, with an intent to deceive Gleit.

68. Gleit reasonably relied on such misrepresentations and suffered damages as a result.

69. As a result of the foregoing, Gleit is entitled to equitable rescission of the Agreement, and a refund of all payments made by him to Defendant.

**WHEREFORE,** Plaintiff Paul Gleit demands judgment against Defendant as follows:

　　a. On the First, Second, Fourth, Fifth, Sixth and Seventh Causes of Action, an award of damages in an amount to be proven at trial, but no less than $427,204, plus

applicable interest, costs and attorneys' fees;

b. On the Third Cause of Action, a declaratory judgment declaratory judgment that the Agreement is void as a matter of law; and that Gleit is entitled to receive a full refund of all payments made by him to Defendant pursuant to the unlawful and void Agreement;

c. On the Seventh Cause of Action, a judgment rescinding the parties' Agreement, and directing Defendant to pay to Gleit all sums previously paid by Gleit to Defendant; and

d. Awarding Plaintiff punitive damages in an amount to be determined by the Court, pre- and post-judgment interest, and such other and further relief as the Court deems just and proper.

Dated:   New York, New York           KAUFMANN GILDIN & ROBBINS LLP
         January 12, 2018             *Attorneys for Plaintiff Paul Gleit*

                                      By: _____
                                          Daniel Gildin
                                          Kevin M. Shelley
                                          767 Third Avenue, 30th Floor
                                          New York, New York 10017
                                          212.755.3100