UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2018 MAR 23  PM 1:44

S.D. OF N.Y.

PAUL GLEIT,

                                   Plaintiff,

           -against-

TAYLOR FRANCOIS-BODINE, individually and
d/b/a FRANCOIS-BODINE CONSULTING,

                             Defendant.

Case No. 18-cv-00311-GBD

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/18

TAYLOR FRANCOIS-BODINE
42779 Travers Run
Leesburg, VA 20176

*Defendant pro se*

TABLE OF CONTENTS

Page

INTRODUCTION   1

FACTS AS ALLEGED IN THE COMPLAINT   2

The Parties   2

Plaintiff hires FB Consulting   2

Plaintiff sues FB Consulting   4

ARGUMENT   5

I.   Plaintiff's claim for a violation of New York General Business Law § 394-c (FIRST CLAIM) must be dismissed because New York law does not apply.   5

II.   Plaintiff's claim for violation of New York General Business Law § 349 (SECOND CLAIM) must be dismissed because New York law does not apply, or, alternately, because plaintiff fails to state a New York law claim.   6

III.   Plaintiff's claim for declaratory judgment (THIRD CLAIM) must be dismissed because the complaint does not plead a marriage brokerage contract.   8

IV.   Plaintiff's claim for breach of contract (FOURTH CLAIM) must be dismissed because the Complaint alleges no breach of contract.   8

V.   Plaintiff's claim for unjust enrichment (FIFTH CLAIM) must be dismissed because it duplicates the breach of contract claim.   9

VI.   Plaintiff's claim for common law fraud (SIXTH CLAIM) must be dismissed because it is insufficiently pleaded and duplicates plaintiff's breach of contract claim in any event.   10

VII.   Plaintiff's claim for rescission (SEVENTH CLAIM) must be dismissed because plaintiff alleges no breach going to the root of the contract, and the parties cannot be restored to the status quo ante in any event.   13

VIII.   Plaintiff's claim for punitive damages must be dismissed because plaintiff pleads no independent tort and implicates no public right.   14

CONCLUSION   15

TABLE OF AUTHORITIES

Page

Cases

*Arthur Properties, S.A. v. ABA Gallery, Inc.*, No. 11 Civ. 4409 (LAK),
2011 U.S. Dist. LEXIS 136389, 2011 WL 5910192 (S.D.N.Y. Nov. 28,
2011) ............................................................................................................. 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................. 5, 8

*Bonsai v. Camp*, 111 Va. 595, 69 S.E. 978 (Va. 1911) ............................. 14

*Bryant v. Peckinpaugh*, 241 Va. 172, 400 S.E.2d 201 (Va. 1991) ............ 10

*Canfield v. Reynolds*, 631 F.2d 169 (2d Cir. 1980) ................................... 13

*Duval v. Wellman*, 124 N.Y. 156, 26 N.E. 343 (N.Y. 1891) ....................... 8

*Ellis & Myers Lumber Co. v. Hubbard*, 123 Va. 481, 96 S.E. 754 (Va.
1918) ............................................................................................................. 9

*Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189
(2d Cir. 2003) ............................................................................................. 11

*Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 910
N.E.2d 976, 883 N.Y.S.2d 147 (N.Y. 2009) ............................................. 10

*Filak v. George*, 267 Va. 612, 594 S.E.2d 610 (Va. 2004) ....................... 12

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994) . 5

*Frontline Processing Corp. v. Merrick Bank Corp.*, Case No. 13-Civ-3956,
2014 U.S. Dist. LEXIS 27571 (S.D.N.Y. Mar. 3, 2014) ........................... 11

G. Ware & W.R. Snow, The Law of Damages in Virginia (2008) ............... 12

*Gene Codes Forensics, Inc. v. City of New York*, Case No. 10 Civ. 1641
(NRB), 2012 U.S. Dist. LEXIS 60848, 2012 WL 1506166 (S.D.N.Y. Apr.
26, 2012) ....................................................................................................... 5

*Harsco Corp. v. Segui*, 91 F.3d 337 (2d Cir. 1996) ................................... 8

*Junk v. Aon Corp.*, Case No. 07-Civ-4640, 2007 U.S. Dist. LEXIS 89741,
2007 WL 4292034 (S.D.N.Y. Nov. 30, 2007) ........................................... 12

*Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514 (Va. 1983) 14

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) 10

*Lynnwood Tech Holdings LLC v. NR INT. LLC*, No. 2015-15954, 2017 Va. Cir. LEXIS 52 (Cir. Ct. Feb. 24, 2017) 13

*McLeskey v. Ocean Park Inv'rs, Ltd.*, 242 Va. 51, 405 S.E.2d 846 (Va. 1991) 14

*Metrocall of Del. v. Cont'l Cellular Corp.*, 246 Va. 365, 437 S.E.2d 189 (Va. 1993) 10

*Neale v. Jones*, 232 Va. 203, 349 S.E.2d 116 (Va. 1986) 13

*Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, Case No. 17-Civ-1388 (KPF) 2018 U.S. Dist. LEXIS 43602, 2018 WL 1382105 (S.D.N.Y. Mar. 16, 2018) 5

*Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 770 S.E.2d 491 (Va. 2015) 8

*Richmond Metropolitan Authority v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (Va. 1998) 12

*RML Corp. v. Lincoln Window Prods.*, 67 Va. Cir. 545 (Cir. Ct. 2004) 11

*Rocanova v. Equitable Life Assurance Soc'y*, 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (N.Y. 1994) 15

*Sokolow v. Lacher*, 299 A.D.2d 64, 747 N.Y.S.2d 441 (N.Y. App. Div. 2002) 14

*Stutman v. Chem. Bank*, 95 N.Y.2d 24, 731 N.E.2d 608, 709 N.Y.S.2d 892 (2000) 7

*Thomson Kernaghan & Co. v. Glob. Intellicom, Inc.*, Case No. 99-Civ-3005 (DLC), 2000 U.S. Dist. LEXIS 6650, 2000 WL 640653 (S.D.N.Y. May 17, 2000) 13

*Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251 (E.D.N.Y. 2014) 9

*Wurtsbaugh v. Banc of Am. Sec. LLC*, Case No. 05-Civ-6220 (DLC), 2006 U.S. Dist. LEXIS 404733, 2006 WL 1683416 (S.D.N.Y. June 20, 2006) 10, 12

*Wynn v. AC Rochester*, 273 F.3d 153 (2d Cir. 2001) 10

Rules and Statutes

Fed. R. Civ. P. Rule 8                                          1, 5

Fed. R. Civ. P. Rule 9(b)                                       1, 10

Fed. R. Civ. P. Rule 12(b)(6)                                   1, 5

New York General Business Law § 349              1, 2, 3, 6, 7, 8

New York General Business Law § 394-c              1, 2, 4, 5, 6

Defendant Taylor Francois-Bodine dba Francois-Bodine Consulting ("FB Consulting"), proceeding *pro se*, respectfully submits this memorandum of law in support of her motion under Rules 12(b)(6), 9(b) & 8, Fed. R. Civ. P., for an order dismissing the complaint in this action in its entirety and with prejudice.

## INTRODUCTION

The complaint must be denied for its failure to state any legally cognizable claim.

After using the services of at least two other matchmakers, plaintiff Paul Gleit retained FB Consulting to provide him with luxury match-making, date-coaching, relationship-consulting, date-planning, and other services. Such luxury services have become more popular among well-to-do individuals as a result of the reality TV show, *Millionaire Matchmaker*.

Plaintiff first contracted with FB Consulting in May 2017. He executed two formal written agreements, which were subsequently modified and/or supplemented, with FB Consulting. In an apparent case of buyer's remorse, and having already received substantial services from FB Consulting, plaintiff demanded a refund of $387,414 in December 2017. He then commenced this action on January 12, 2018. ECF Dkt. No. 1.

In his complaint, plaintiff seeks a refund of all amounts paid, which plaintiff claims total $427,204.00 plus, fees, and costs. Plaintiff also seeks punitive damages. The complaint lists seven claims: (1) Violation of New York General Business Law § 394-c (Limitations on Certain Contracts Involving Social Referral Services), (2) Violation of New York General Business Law § 349 (Deceptive Acts and Practices), (3) Declaratory Judgment (Void Marriage Brokerage Contract), (4) Breach of Contract, (5) Unjust Enrichment, (6) Common Law Fraud, and (7) Rescission.

However, the complaint fails to plead any factual basis for its breach of contact claim, much less the auxiliary claims it asserts, as a matter of law and fact. Plaintiff's claim for a violation of New York General Business Law § 394-c (FIRST CLAIM) must be dismissed because New York law does not apply. Plaintiff's claim for violation of New York General Business Law § 349 (SECOND CLAIM) must be dismissed because New York law does not apply, or, alternately, because plaintiff fails to state a New York law claim. Plaintiff's claim for declaratory judgment that the May 2017 Agreement is void as a matter of public policy (THIRD CLAIM) must be dismissed because the complaint does not plead a marriage brokerage contract. Plaintiff's claim for breach of contract (FOURTH CLAIM) must be dismissed because the Complaint alleges no breach. Plaintiff's claim for unjust enrichment (FIFTH CLAIM) must be dismissed because it duplicates the breach of contract claim. Plaintiff's claim for common law fraud (SIXTH CLAIM) must be dismissed because it is insufficiently pleaded and duplicates plaintiff's breach of contract claim. Plaintiff's claim for rescission (SEVENTH CLAIM) must be dismissed because plaintiff alleges no breach going to the root of the contract, and the parties cannot be restored to the status quo ante in any event. Plaintiff's claim for punitive damages must be dismissed because plaintiff pleads no independent tort and implicates no public right.

All seven counts of the complaint must be dismissed *with prejudice* because no amount of amended pleading can save plaintiff's claims for the reasons given in this memorandum of law.[1]

---

[1]    If the complaint proceeds past the pleading state, the evidence itself will vindicate defendant.

## FACTS AS ALLEGED IN THE COMPLAINT[2]

<u>The Parties</u>

Plaintiff Paul Gleit is a managing partner of Edge, a family-owned and operated capital investment and consulting group headquartered in New York City. *See* http://edgevc.com/about/; *see* Compl. ¶ 10. He resides in New York County, New York. Compl. ¶¶ 3, 10.

Defendant Taylor Francois-Bodine is the principal of FB Consulting (Compl. ¶ 5), a luxury match-making, date-coaching, relationship-consulting, and date-planning service. Compl. ¶ 12. She lives and works in Virginia. Compl. ¶ 4. FB Consulting is located in Virginia.

Plaintiff became acquainted with FB Consulting around mid-May 2017. Compl. ¶ 11.

<u>Plaintiff hires FB Consulting</u>

Plaintiff hired FB Consulting to provide him "social introductions, matchmaking, and related social referral services." Compl. ¶ 1. He executed a contract with FB Consulting on May 25, 2017, for certain services in exchange for payment of $35,000 and a $490 processing fee (the "May 2017 Agreement"). Compl. ¶ 15, 17. He paid $39,790 in installments by credit card and wire transfer. Compl. ¶ 20.

Between May 25, 2017, and November 1, 2017, plaintiff received eight social introductions and six dates, which took place in New York City, Washington D.C., and Florida. Compl. ¶ 33.

Plaintiff sought to terminate his contract(s) on December 1, 2017. Compl. ¶ 36.

Plaintiff states that he requested no additional services from FB Consulting after the May 2017 Agreement. Compl. ¶ 23. Plaintiff states that he received no services from FB Consulting additional to those stated in the May 2017 Agreement. Compl. *Id.*

---

[2]    Defendant assumes the facts alleged by plaintiff as true solely for purposes of this motion to dismiss.

Plaintiff alleges that FB Consulting requested additional payments from him beginning in November 2017. Compl. ¶¶ 24-25. On or before November 10, FB Consulting advised that plaintiff owed $4,509. Compl. ¶ 27. Then, FB Consulting presented plaintiff with an additional contract on or about November 13, 2017, which required payment of $81,819.00 in additional fees. Compl. ¶ 28. Ms. Francois-Bodine and unnamed FB Consulting representatives told plaintiff that the payments were for credit card reversal fees and bank fees. Compl. ¶¶ 26, 29, 36.

Plaintiff "did not truly understand" the reason for the second contract or the additional fees. Compl. ¶ 30. However, plaintiff executed and returned the contract to FB Consulting the same day he received it (the "November 2017 Agreement"). Compl. ¶ 30. Plaintiff also paid the $81,819 additional fee. Compl. ¶ 31. In fact, despite his admitted lack of understanding, he made thirteen payments to FB Consulting between November 7 and November 28, 2017, totaling $387,414.[3] Compl. ¶ 32.

On or after December 1, 2017, only days after plaintiff voluntarily made a payment to FB Consulting, plaintiff demanded through counsel that FB Consulting issue him a refund in the amount of $387,414. Compl. ¶¶ 35-36; *see also* Compl. ¶ 32.

Plaintiff Sues FB Consulting

Plaintiff commenced this action on January 12, 2018. The Complaint lists seven claims: (1) Violation of New York General Business Law § 394-c (Limitations on certain contracts involving social referral services), (2) Violation of New York General Business Law § 349 (Deceptive Acts and Practices), (3) Declaratory Judgment (Void Marriage Brokerage Contract), (4) Breach of Contract, (5) Unjust Enrichment, (6) Common Law Fraud, and (7) Rescission. In

---

[3]    The Complaint does not describe how plaintiff arrived at this figure, or whether it includes plaintiff's alleged payments of $4,509 or $81,819.00.

main part, plaintiff seeks $427,204, plus interest, costs, and fees, a declaratory judgment that the May 2017 Agreement is void as a matter of law, rescission of the agreements, and punitive damages. Compl. pp. 10-11.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter. . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. On a motion to dismiss, "[m]ere 'conclusions of law or unwarranted deductions of fact,' . . . need not be accepted as true." *Gene Codes Forensics, Inc. v. City of New York*, Case No. 10 Civ. 1641 (NRB), 2012 U.S. Dist. LEXIS 60848 *9, 2012 WL 1506166 (S.D.N.Y. Apr. 26, 2012) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

I.   **Plaintiff's claim for a violation of New York General Business Law § 394-c (FIRST CLAIM) must be dismissed because New York law does not apply.**

Plaintiff's claim for a violation of New York General Business Law § 394-c must be dismissed because New York law does not apply to agreements between plaintiff and defendant. For contract disputes, New York courts have adopted a "center of gravity" or "grouping of contacts" approach designed to establish which State has the most significant relationship to the transaction and the parties. *Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, Case No. 17-Civ-1388 (KPF)

2018 U.S. Dist. LEXIS 43602, at *46, 2018 WL 1382105 (S.D.N.Y. Mar. 16, 2018) (citations omitted). That analysis requires the Court to consider (i) the places of contracting, negotiation, and performance; (ii) the location of the subject matter of the contract; and (iii) the domicile or place of business of contracting parties. *Id.*

Plaintiff is a resident of New York (Compl. ¶ 3), who approached the Virginia-based defendant for the express purpose of doing business with it. Compl. ¶¶ 4, 11, 12. The agreements were negotiated and executed by each of plaintiff and defendant in New York and Virginia, respectively. Compl. ¶¶ 13, 15, 16. Plaintiff participated in activities in Washington, D.C., New York and Florida. Compl. ¶ 33. The services retained and performed, i.e., the actual consulting, coaching, researching, matchmaking, event planning, and other services, were performed by the Virginia defendant primarily in Virginia. Compl. ¶¶ 16, 24, 25, 28, 33. The center of gravity of the business between plaintiff and defendant is in Virginia. Therefore, Virginia law applies.

The FIRST CLAIM for violation of New York General Business Law § 394-c must be dismissed.

**II.    Plaintiff's claim for violation of New York General Business Law § 349 (SECOND CLAIM) must be dismissed because New York law does not apply, or, alternately, because plaintiff fails to state a New York law claim.**

Plaintiff's claim for violation of New York General Business Law § 349 must be dismissed because Virginia law governs the business transactions between plaintiff and defendant, or, alternately, because plaintiff fails to state a New York law claim.

For the reasons stated in Part I, above, Virginia law applies. Thus, plaintiff's SECOND CLAIM for violation of New York General Business Law § 349 must be dismissed.

The SECOND CLAIM must be dismissed for the independent reason that, assuming for the sake of argument only, that New York law does apply, plaintiff fails to plead a cause of action under N.Y. G.B.L. § 349.

To state a claim for a violation under 349, plaintiff must allege: "that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act[.]" *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 731 N.E.2d 608, 709 N.Y.S.2d 892 (2000). As to the first element, the complaint makes no factual allegations that the acts were "consumer-oriented." *See* Compl. Nor can it. It alleges a set of two written contracts and a series of private communications between contracting parties, made within the context of that discrete relationship. *Id.* The second element requires that the defendant's allegedly misleading or deceptive conduct is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Stutman*, 95 N.Y.2d at 29. Here, the complaint makes no factual allegations that the alleged misrepresentations by FB Consulting—i.e., that the tens or hundreds of thousands of dollars being requested in payment were for credit card reversal fees and bank charges—were "likely to mislead a reasonable consumer acting reasonably under the circumstances." Compl. Nor does the complaint allege that plaintiff's actions were those of a reasonable consumer acting reasonably. Rather it alleges that, notwithstanding formal contracts that included payment terms, plaintiff elected to pay hundreds of thousands of dollars where "he did not truly understand the reason" for the charges, and the only reason he was given was that the fees were for bank charges and credit card reversal fees.[4] Compl. ¶ 30. *Id.* When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be

---

[4]       In addition, as a matter of law, plaintiff cannot allege that such actions were reasonable on the facts alleged in the complaint. *See* Part VI, *infra* (discussing the pleading standard for "reasonable" behavior).

dismissed." *Twombly*, 550 U.S. at 570. Plaintiff has not pleaded a plausible claim in the SECOND CLAIM.

The SECOND CLAIM for violation of New York General Business Law § 349 must be dismissed.

**III.   Plaintiff's claim for declaratory judgment (THIRD CLAIM) must be dismissed because the complaint does not plead a marriage brokerage contract.**

Plaintiff's claim for a declaratory judgement must be dismissed because the complaint does not plead a marriage brokerage contract. A marriage brokerage contract is a contract of introduction to unwed persons, with payment due and payable upon marriage. *See, e.g., Duval v. Wellman*, 124 N.Y. 156, 26 N.E. 343 (N.Y. 1891) ("If Mrs. Guion marry the gentleman whom we introduce her to, an additional fifty dollars ($ 50.00) is due Mr. Wellman from Mrs. Guion.) The complaint alleges no such contract. The THIRD CLAIM for a declaration that the May Agreement is a marriage brokerage contract and therefore void as a matter of public policy must be dismissed.

**IV.   Plaintiff's claim for breach of contract (FOURTH CLAIM) must be dismissed because the Complaint alleges no breach of contract.**

Plaintiff's breach of contract claim must be dismissed because the Complaint alleges no breach. The elements of a breach of contract claim under Virginia law are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 323, 770 S.E.2d 491, 493 (Va. 2015); *see also Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996) (citing New York law) (To state viable claim for breach of contract a complaint must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.")

The complaint alleges that the May 2017 Agreement is valid. (Compl. ¶¶ 16-21, 33, 55-56.) It also alleges it is void and unenforceable. Compl. ¶¶ 50-53. The complaint alleges that the November 2017 Agreement is valid. Compl. ¶¶ 28-33, 55-56. The complaint alleges that plaintiff performed both agreements. Compl. ¶ 56. The complaint alleges that defendant requested additional payments that were not set forth in the May 2017 Agreement or the November 2017 Agreement, and that such requests constituted a breach of one or both agreements. Compl. ¶ 57. However, the complaint alleges no contract term that prohibited requests for additional fees or suggestions for additional services. *See* Compl. Thus, the complaint fails to allege a breach by defendant of any contract term.

The FOURTH CLAIM for breach of contract must be dismissed.

## V.     Plaintiff's claim for unjust enrichment (FIFTH CLAIM) must be dismissed because it duplicates the breach of contract claim.

Plaintiff's claim for unjust enrichment must be dismissed because it duplicates plaintiff's breach of contract claim. "Where an express contract is conceded, as it is here, a plaintiff may not proceed also on a quasi-contract theory because it is foreclosed by the very existence of the express contract." *Arthur Properties, S.A. v. ABA Gallery, Inc.*, No. 11 Civ. 4409 (LAK), 2011 U.S. Dist. LEXIS 136389, 2011 WL 5910192, *4 (S.D.N.Y. Nov. 28, 2011); *Ellis & Myers Lumber Co. v. Hubbard*, 123 Va. 481, 502, 96 S.E. 754, 760 (Va. 1918) ("It is only in the absence of an express or of an enforceable contract between parties, that the law (whether at law or in equity) will, from circumstances, imply a contract between them.") Multiple times in the complaint, plaintiff asserts that he executed contracts with defendant (Compl. 16, 30); he performed his obligations under the contracts (Compl. ¶¶ 20, 31-32, 56); and defendant had obligations pursuant to and performed under the contracts. Compl. ¶¶ 17, 33. Accordingly plaintiff's unjust enrichment claim is foreclosed by the express contracts it alleges in the complaint. *Tomasino v. Estee Lauder Cos.*, 44

F. Supp. 3d 251, 263 (E.D.N.Y. 2014); *Wurtsbaugh v. Banc of Am. Sec. LLC*, Case No. 05-Civ-6220 (DLC), 2006 U.S. Dist. LEXIS 40473, at *23, 2006 WL 1683416 (S.D.N.Y. June 20, 2006).

The FIFTH CLAIM for unjust enrichment must be dismissed.

## VI.    Plaintiff's claim for common law fraud (SIXTH CLAIM) must be dismissed because it is insufficiently pleaded and duplicates plaintiff's breach of contract claim in any event.

First, plaintiff's fraud claim must be dismissed because it is insufficiently pleaded. Under Virginia law, a plaintiff must allege: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled). *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201, 203 (Va. 1991). To "establish fraud, it is essential that the defrauded party demonstrates the right to reasonably rely upon the misrepresentation." *Metrocall of Del. v. Cont'l Cellular Corp.*, 246 Va. 365, 374, 437 S.E.2d 189, 193-94 (Va. 1993) (citation omitted).[5]

Fraud claims must be pleaded with the particularity required by Rule 9(b), Fed. R. Civ. P. To plead the circumstances constituting fraud with particularity, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (citation omitted).

The complaint does not, and cannot, allege that plaintiff relied on the alleged misrepresentations, or that such reliance was "reasonable." For plaintiff to prevail on its fraud

---

[5]    Similarly, Under New York law, a plaintiff must allege: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001); *see Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 910 N.E.2d 976, 979, 883 N.Y.S.2d 147 (N.Y. 2009).

claim, it has to establish it relied on the alleged misrepresentation and that such reliance was reasonable. *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003) (citations omitted). "In assessing the reasonableness of a plaintiff's alleged reliance, we consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." *Id.* (citations omitted). When a plaintiff is a "sophisticated part[y] and the statement or omission relates to a business transaction that has been formalized in a contract, New York courts are generally reluctant to find reliance on oral communications to be reasonable." *Frontline Processing Corp. v. Merrick Bank Corp.*, Case No. 13-Civ-3956, 2014 U.S. Dist. LEXIS 27571, at *28-32 (S.D.N.Y. Mar. 3, 2014) (citation omitted); *see also RML Corp. v. Lincoln Window Prods.*, 67 Va. Cir. 545, 568 (Cir. Ct. 2004). This reluctance stems from the view that "a party will not be heard to complain that he has been defrauded when it is his own evident lack of due care which is responsible for his predicament." *Id.* (quoting *Emergent Capital*, 343 F.3d at 195).

Plaintiff is a self-identified "businessman and investor" who sought out and voluntarily entered into two formal agreements with defendant. Compl. ¶¶ 10, 16, 30. The complaint alleges that defendant requested and plaintiff paid fees additional to those set forth in the May 2017 Agreement. Compl. ¶¶ 26-32. The complaint alleges that Ms. Francois-Bodine and other FB Consulting representatives "misrepresented the nature and amount of the demanded additional payments." Compl. ¶ 25. Specifically, they "falsely stated to Gleit that he owed them additional fees under the parties' Agreement for, among other things, credit card reversal charges and bank fees." Compl. ¶ 26. Plaintiff executed copies of the May 2017 Agreement and the November 2017 Agreement and, thus, had direct access to the terms of the contracts to confirm or deny the accuracy of whether additional payments were due under either agreement. And, by his own admission,

11

plaintiff states that the idea of credit card reversal fees and bank charges in the thousands of dollars (if not more) did not make sense to him. Compl. ¶ 30 (plaintiff "did not truly understand the reason for the $81,819 charges"). In other words, the complaint does not even allege that plaintiff relied on the purported misrepresentations. Yet, he elected to enter the November 2017 agreement and paid the additional fees. Compl. ¶¶ 30, 32.

On the facts alleged, which make clear that plaintiff could have determined whether additional amounts were due under the contracts, plaintiff's purported reliance on the misrepresentations about the nature and amounts of fees due under the May 2017 and November 2017 Agreements is not reasonable as a matter of law. *See Junk v. Aon Corp.*, Case No. 07-Civ-4640, 2007 U.S. Dist. LEXIS 89741, at *17-20, 2007 WL 4292034 (S.D.N.Y. Nov. 30, 2007); *Wurtsbaugh*, 2006 U.S. Dist. LEXIS 40473 at *20 ("In the appropriate circumstances, a claim of fraud may be dismissed on the pleadings because as a matter of law a plaintiff will not be able to establish that reliance on the alleged representation was reasonable.")

Second, plaintiff's fraud claim must be dismissed because it is basically an attempt to replead its contract claim. The Virginia Supreme Court has cautioned against "turning every breach of contract into an actionable claim for fraud." *Richmond Metropolitan Authority v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 560, 507 S.E.2d 344 (Va. 1998). Accordingly, under Virginia's "economic loss" rule, "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610 (Va. 2004) (affirming sustaining of demurrer for fraud claim under economic loss rule). "The economic loss rule preserves the bedrock principle that contract damages are limited to those within the contemplation of the parties in striking the bargain expressed in their contract." G. Ware & W.R. Snow, The Law of Damages in Virginia,

¶ 9.1 (2008). If a duty does not exist absent an agreement establishing that duty, then it is a duty based in contract, and the economic loss rule applies. *Lynnwood Tech Holdings LLC v. NR INT. LLC*, No. 2015-15954, 2017 Va. Cir. LEXIS 52, at *140-41 (Cir. Ct. Feb. 24, 2017).[6]

Here, the complaint does not allege or plead any non-contractual legal duties: plaintiff relies on the same alleged conduct and seeks the same damages for each of its breach of contract and fraud claims. It alleges that plaintiff paid more than the *contract* specified. Compl. ¶¶ 55, 57, 62, 63. And, it seeks as damages for each of its breach of contract and fraud claims "not less than the total amount paid by [plaintiff] to Defendant." Compl ¶¶ 58, 65. Thus, plaintiff's claim for fraud necessarily fails.

The SIXTH CLAIM for common law fraud must be dismissed for all of these reasons.

**VII.    Plaintiff's claim for rescission (SEVENTH CLAIM) must be dismissed because plaintiff alleges no breach going to the root of the contract, and the parties cannot be restored to the status quo ante in any event.**

Plaintiff's claim for rescission must be dismissed because plaintiff alleges no breach going to the root of the contract ,and the parties cannot be restored to the status quo ante in any event.

First, "rescission is not appropriate where the failure 'was not a breach going to the root of the contract.'" *Neale v. Jones*, 232 Va. 203, 349 S.E.2d 116 (Va. 1986); *Canfield v. Reynolds*, 631 F.2d 169, 178 (2d Cir. 1980) (citing New York law and stating "rescission is not appropriate where the failure 'was not a breach going to the root of the contract.'") Here, the complaint fails to allege a specific contract term that was breached. *See* Part IV, *supra*; *see* Compl. And, even if it does, the

---

[6]    New York law is similar. *See Thomson Kernaghan & Co. v. Glob. Intellicom, Inc.*, Case No. 99-Civ-3005 (DLC), 2000 U.S. Dist. LEXIS 6650, at *34, 2000 WL 640653 (S.D.N.Y. May 17, 2000) ("To avoid converting every breach of contract action into a fraud claim, a fraud claim may only proceed alongside a breach of contract claim where the plaintiff (1) demonstrates a legal duty separate from the duty to perform under the contract, (2) demonstrates a fraudulent misrepresentation collateral or extraneous to the contract, or (3) seeks special damages that are caused by the misrepresentation and unrecoverable as contract damages.).

complaint alleges no breach going to the root of the contracts: the provision of consulting services by defendant. Thus, plaintiff does not plead a claim for rescission.

Second, where the parties cannot be restored to the status quo ante, rescission is not an available remedy in any event. *McLeskey v. Ocean Park Inv'rs, Ltd.*, 242 Va. 51, 54, 405 S.E.2d 846, 847-48 (Va. 1991) ("If rescission is granted, the contract is terminated for all purposes, and the parties are restored to the *status quo ante*."); *Bonsai v. Camp*, 111 Va. 595, 599, 69 S.E. 978,979 (Va. 1911) (to order rescission, "the court must be able substantially to restore the parties to the position which they occupied before they entered into the contract"); *Sokolow v. Lacher*, 299 A.D.2d 64, 747 N.Y.S.2d 441 (N.Y. App. Div. 2002) ("a party cannot rescind a contract if that would injure the party against whom rescission is sought because, under the contract, that party has changed his position and cannot be returned to the status quo ante"). On the facts pleaded, defendant rendered services to plaintiff (Compl. 33), and services cannot be returned as a factual matter. Therefore, the parties cannot be returned to the *status quo ante*.

For each of these independent reasons, the SEVENTH CLAIM for rescission must be dismissed.

## VIII.   Plaintiff's claim for punitive damages must be dismissed because plaintiff pleads no independent tort and implicates no public right.

Plaintiff's claim for punitive damages must be dismissed because plaintiff pleads no independent tort[7] and implicates no public right. Under Virginia law, "[t]he general rule is that exemplary or punitive damages are not allowed for breach of contract even though the action is *ex delicto* and not *ex contractu*." *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (Va. 1983). The same is true under new York law, which is even more clear that punitive damages are

---

[7]       *See* Part VI (describing the legal insufficiency of plaintiff's fraud claim).

not a recoverable on a breach of contract action, especially where no public right is alleged to be implicated. *Rocanova v. Equitable Life Assurance Soc'y*, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342, 634 N.E.2d 940, 943 (N.Y. 1994) ("punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights.").

Plaintiff's request for punitive damages must be dismissed.

## CONCLUSION

For all of these reasons, defendant respectfully requests that the complaint in this action be dismissed in its entirety, and with prejudice.

Dated: Leesburg, Virginia                     Respectfully submitted,
       March 23, 2018

                                              TAYLOR FRANCOIS-BODINE


                                              *Taylor Francois-Bodine*
                                              42779 Travers Run
                                              Leesburg, VA 20176
                                              tfrancois16@gmail.com
                                              Tel: 202-510-2298

                                              *Pro se defendant*

15