UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL GLEIT,

                     **Plaintiff,**

  -against-

TAYLOR FRANCOIS-BODINE,
**Individually and d/b/a FRANCOIS-BODINE
CONSULTING**

                    **Defendant.**

**Docket No.: 18-cv-00311-GBD-KHP**

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Daniel Gildin, Esq.
Kevin M. Shelley. Esq.
KAUFMANN GILDIN & ROBBINS LLP
*Attorneys for Plaintiff Paul Gleit*
767 Third Avenue, 30th Floor
New York, New York  10017
212.755.3100

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

PRELIMINARY STATEMENT ................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

    I.      THE COMPLAINT STATES A PLAUSIBLE CLAIM UNDER GBL § 394-c ...................................... 4

          A.  New York Law Applies to Gleit's Breach of Contract Claim ........................................... 4

          B.  Gleit's GBL § 394-c Claim is Not Dependent Upon the Choice of Law
              Analysis Concerning Gleit's Breach of Contract Claim ................................................... 6

    II.     THE COMPLAINT STATES A PLAUSIBLE CLAIM UNDER GBL § 349 ........................................... 7

          A.  New York, Not Virginia, Law Applies to Gleit's Breach of Contract Claim ....................... 8

          B.  The Complaint States a Plausible Claim for Relief under GBL § 349 ................................. 8

    III.    THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR A DECLARATORY JUDGMENT ......... 11

    IV.   THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR BREACH OF CONTRACT ................... 12

    V.    THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR UNJUST ENRICHMENT ..................... 13

    VI.   THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR FRAUD .................................................. 15

          A.  The Complaint Sufficiently Pleads the Requisite Elements of Fraud ............................... 15

          B.  The Fraud Claim is Not Duplicative of the Breach of Contract Claim ............................. 16

    VII.  THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR RESCISSION OF
           THE PARTIES' AGREEMENT ......................................................................................................... 17

    VIII. THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR PUNITIVE DAMAGES ......................... 19

CONCLUSION ................................................................................................................................ 20

Doc Num 259351-V1

## TABLE OF AUTHORITIES

**Cases**

*Abu Dhabi Comm. Bank v. Morgan Stanley & Co., Inc.,*
    888 F.Supp.2d 478 (S.D.N.Y. 2012) ................................................................. 16
*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................... 3
*Ault v. J.M. Smucker Co.,*
    2014 WL 1998235 (S.D.N.Y. 2014) ................................................................... 10
*Bank of New York v. Yugoimport,*
    745 F.3d 599 (2d Cir. 2014) ................................................................................... 5
*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................... 3
*Berman v. Sugo LLC,*
    580 F.Supp.2d 191 (S.D.N.Y. 2008) ................................................................... 12
*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.,*
    448 F.3d 573 (2d Cir. 2006) ................................................................................. 14
*Board of Managers of Soundings Condominium v. Foerster,*
    138 A.D.3d 160, 25 N.Y.S.3d 202 (1st Dept. 2016) ..................................... 17, 18
*Boonmalert v. City of New York,*
    2018 WL 496846 (2d Cir. 2018) ............................................................................ 3
*Buonasera v. Honest Company, Inc.,*
    208 F.Supp.3d 555 (S.D.N.Y. 2016) ................................................................ 9, 10
*Campo v. Sears Holdings Corp.,*
    635 F.Supp.2d 323 (S.D.N.Y. 2009) .................................................................. 2, 5
*City of New York v. Smokes-Spirits.com, Inc.,*
    541 F.3d. 425 (2d Cir. 2008) ................................................................................. 9
*Colombini v. Westchester County Healthcare Corp.,*
    24 A.D.3d 712, 808 N.Y.S.2d 705 (2d Dept. 2005) ............................................ 20
*DeAngelo v. Bob Hastings Oldsmobile, Inc.,*
    89 A.D.2d 785 453 N.Y.S.2d 503 (4th Dept. 1982),
    *aff'd*, 59 N.Y.2d 773, 464 N.Y.S.2d 724 (1983) ................................................ 17
*Doe v. Great Expectations,*
    10 Misc.3d 618, 809 N.Y.S.2d 819 (Civil Court, N.Y. Cty. 2005) ........................ 7
*Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.,*
    343 F.3d 189 (2d Cir. 2003) ................................................................................. 10
*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.,*
    8 F.Supp.3d 467 (S.D.N.Y. 2014) ....................................................................... 10
*Goshen v. Mutual Life Ins. Co. of New York,*
    98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002) ......................................................... 7, 8
*Graham v. James,*
    144 F.3d 229 (2d Cir. 1998) ................................................................................. 18
*Icebox-Scoops, Inc. v. Finanz St. Honore, B.V.,*
    676 F.Supp.2d 100 (E.D.N.Y. 2009) ................................................................... 14
*In re Ideal Mortgage Bankers, Ltd.,*
    2013 WL 6813737 (E.D.N.Y. Bankr. 2013) ....................................................... 14
*International Bus. Mach. Corp. v. Liberty Mut. Ins. Co.,*
    363 F.3d 137 (2d Cir. 2004) ................................................................................. 14
*Liberty Synergistics, Inc. v. Microflo, Ltd.,*
    718 F.3d 138 (2d Cir. 2013) ................................................................................... 4
*Meachum v. Outdoor World Corp.,*
    235 A.D.2d 462, 652 N.Y.S.2d 749 (2d Dept. 1997) ....................................... 8, 10
*Orange County Choppers, Inc. v. Olaes Enters., Inc.,*
    497 F.Supp.2d 541 (S.D.N.Y. 2007) ................................................................... 14

Doc Num 259351-V1

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,*
   85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ..................................................................................... 9, 10
*Pyskaty v. Wide World of Cars, LLC,*
   856 F.3d 216 (2d Cir. 2017) .............................................................................................................. 18
*Quinn v. Walgreen Co.,*
   958 F.Supp.2d 533 (S.D.N.Y. 2013) ................................................................................................ 11
*Randall v. Loftsgaarden,*
   478 U.S. 647 (1986) ............................................................................................................................. 19
*Rocanova v. Equitable Life Assurances Society,*
   83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994) ........................................................................................ 19
*Rodriquez v. It's Just Lunch, Intl.,*
   300 F.R.D. 125 (S.D.N.Y. 2014) ......................................................................................................... 7
*Rodriquez v. It's Just Lunch, Intl.,*
   2010 WL 685009 (S.D.N.Y. 2010) ...................................................................................................... 9
*Rudman v. Cowles Communications, Inc.,*
   30 N.Y.2d 1, 330 N.Y.S.2d 33 (1972) ............................................................................................... 18
*Segedie v. Hain Celestial Group, Inc.,*
   2015 WL 2168374 (S.D.N.Y. 2015) .................................................................................................. 10
*SHLD, LLC v. Hall,*
   2017 WL 1194240 (S.D.N.Y. 2017) .................................................................................................... 5
*ST Microelectronics N.V. v. Credit Suisse Sec. (USA) LLC,*
   648 F.3d 68 (2d Cir. 2011) ................................................................................................................. 16
*State v. Leifer,*
   89 Misc.2d 724, 392 N.Y.S.2d 175 (Sup. Ct. N.Y. Cty. 1976) .................................................. 7, 12
*Stutman v. Chemical Bank,*
   95 N.Y.2d 24, 709 N.Y.S.2d 892 (2000) ....................................................................................... 9, 10
*Tellman v. McDonald's Corp.,*
   396 F.3d 508 (2d Cir. 2005) ................................................................................................................. 9
*Thompson Kernaghan & Co. v. Glob. Intellicom, Inc.,*
   2000 WL 640653 (S.D.N.Y. 2000) .................................................................................................... 17
*Wynn v. AC Rochester,*
   273 F.3d 153 (2d Cir. 2001) ............................................................................................................... 16

## Statutes

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 2, 3, 11, 15
Fed. R. Civ. P. 8 ............................................................................................................... 2, 4, 10, 17
Fed. R. Civ. P. 8(a)(2) ............................................................................................................................. 3
Fed. R. Civ. P. 8(d) ......................................................................................................................... 14, 15
Fed. R. Civ. P. 9(b) ................................................................................................................................ 9
GBL § 349 ............................................................................................................................... passim
GBL § 349(h) .......................................................................................................................................... 9
GBL § 394-c ................................................................................................................. 1, 4, 6, 7, 8, 12
GBL § 394-c(1)(a) .................................................................................................................................. 6
GBL § 394-c(2) ....................................................................................................................................... 6
GBL § 394-c(3) ....................................................................................................................................... 6
GBL § 394-c(4) ....................................................................................................................................... 6
GBL § 394-c(7) ....................................................................................................................................... 6

Doc Num 259351-V1

## **PRELIMINARY STATEMENT**

Plaintiff Paul Gleit ("Gleit") respectfully submits this Memorandum of Law in opposition to Defendant Taylor Francois-Bodine's ("Francois") motion[1] to dismiss the Complaint in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), 9(b) & 8.

This action, seeking monetary damages, rescission, a declaratory judgment and an award of attorneys' fees, arises out of the parties' execution of a written agreement pursuant to which Francois agreed to provide social introductions, match-making and related social referral services to Gleit, and, thereafter, Francois' fraudulent extraction of more than $400,000 from Gleit in connection therewith. The excessive payments made by Gleit to Francois were not authorized by the parties' agreement and were wrongfully extracted from Gleit. Moreover, the agreement proffered by Francois and signed by Gleit is void *ab initio* under New York's Dating Services Law, thereby entitling Gleit to recover in restitution a refund of all payments made by him to Francois, together with reasonable attorneys' fees and punitive damages.

The Complaint alleges, and the evidence will show, that after signing an agreement to pay Francois $35,000 for services to be provided by Francois to Gleit over two years, Gleit was induced to pay Francois $427,204 between May and December 2017. The Complaint alleges, and the evidence will show, that the vast majority of these payments were not required by the parties' agreement and were, in fact, fraudulently extracted from Gleit. Finally, the Complaint alleges, and the evidence will show, that the written agreement proffered by Francois and executed by Gleit does not comply with New York's Dating Services Law, General Business Law § 394-c, which imposes detailed requirements for contracts offered by social referral

---

[1] Francois filed a Notice of Motion (Doc No. 13) and a Memorandum of Law (Doc No. 14), both dated March 23, 2018, in support of her motion.

Doc Num 259351-V1

services and, when such contracts do not comply with the statute, imposes severe penalties, including restitution of all funds paid by the purchaser to the social referral services provider.

Gleit's entitlement to the relief sought is clear, since Francois cannot deny the existence of the written agreement between the parties or that Gleit paid her the amount alleged. Nor can Francois reasonably argue (in fact, she proffers no argument) that New York's Dating Services Law does not apply to the parties' relationship or the written agreement proffered by her to Gleit.

The Complaint sets forth seven (7) legally cognizable claims, each of which states a plausible claim for relief and is plead in compliance with Fed. R. Civ. P. 8 & 9(b). Of course, Gleit need only plead plausible claims to survive a motion to dismiss; the determination of the merits must await another day.

Respectfully, it appears that this motion was filed merely to delay the inevitable day of reckoning. However, because all of the claims asserted in the Complaint are properly plead, Francois' motion should be denied in its entirety. In the alternative, in the event the Court grants the motion, in whole or in part, Gleit respectfully requests leave to amend his Complaint pursuant to Fed.R.Civ.P. 15(a)(2).

## STATEMENT OF FACTS

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider only the allegations in the Complaint and any documents incorporated by reference into the Complaint. *Campo v. Sears Holdings Corp.,* 635 F.Supp.2d 323, 328 (S.D.N.Y. 2009). As a result, we respectfully ask the Court to disregard Francois' recitation of alleged facts, to the extent they are not actually alleged in the Complaint. Although replete with citations to the Complaint, Francois' brief actually contains numerous factual allegations which are not alleged in the Complaint, and which should therefore not be considered by the Court.

Doc Num 259351-V1

## ARGUMENT

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Boonmalert v. City of New York,* 2018 WL 496846 (2d Cir. 2018).

Fed. R. Civ. P. 8(a)(2) on its face requires "a short and plain statement of the claim" in the complaint showing that the plaintiff is "entitled to relief." In order to survive a Rule 12(b)(6) motion, the complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. As such, although "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly,* 550 U.S. at 556, n.3. Thus, "only a complaint that states a plausible claim for relief survives" a Rule 12(b)(6) motion. *Iqbal,* 556 U.S. at 678. In *Iqbal,* the Supreme Court noted that "the plausibility standard" implies more than "sheer possibility," but less than probability. *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, *supra.*

Gleit respectfully suggest that his Complaint easily meets the pleading standards of Fed.

Doc Num 259351-V1

R. Civ. P. 8 and that the Complaint states a plausible claim for relief under each of the seven theories alleged. As a result, Francois' motion should be denied in its entirety.

## POINT I

### THE COMPLAINT STATES A PLAUSIBLE CLAIM
### UNDER GBL § 394-c

Gleit's first claim for relief alleges that Francois violated New York's Dating Services Law, GBL § 394-c and, as a result, he is entitled to damages and other relief. *Complaint*, ¶ 38-41.

Francois argues that this claim should be dismissed because Virginia law should be applied to this "contract dispute" and, therefore, GBL § 394-c does not apply. Francois is incorrect for two reasons: (i) New York, not Virginia, law applies to Gleit's breach of contract claim; and (ii) in any event, Gleit's GBL § 394-c claim is not dependent upon which state law applies to Gleit's breach of contract claim.

**A.      New York Law Applies to Gleit's Breach of Contract Claim**

Although not relevant to applicability of GBL § 394-c, we first address Francois' argument that Virginia, not New York, law applies to Gleit's breach of contract claim – because Francois raises this choice of law issue as her only basis upon which to dismiss Gleit's GBL § 394-c claim.

"A federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which that court sits to determine the rules of decision what would apply if the suit were brought in state court." *Liberty Synergistics, Inc. v. Microflo, Ltd.,* 718 F.3d 138, 151 (2d Cir. 2013). In a contract case, New York choice of law principles require a court to apply the "law of the jurisdiction with the most significant interest in, or relationship to, the dispute," taking into account "a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile . . . of

Doc Num 259351-V1

the contracting parties." *Bank of New York v. Yugoimport,* 745 F.3d 599, 609 (2d Cir. 2014);

*SHLD, LLC v. Hall,* 2017 WL 1194240 (S.D.N.Y. 2017).

With the exception of Francois' residence and place of business, all of these factors point to significant contacts in New York, justifying selection of New York law. Specifically, the Complaint alleges:  (i) Gleit resides in New York (*Complaint,* ¶ 3, 10); (ii) Gleit communicated with Francois from New York and ultimately executed the parties' agreements in New York (*Complaint,* ¶ 13, 15, 16, 30); (iii) Gleit paid Francois from New York (*Complaint,* ¶ 20, 30, 31, 32); (iv) Francois routinely provided matchmaking services to clients in New York and traveled to New York City approximately twice a month to work from an office that she maintained in New York City for that purpose (*Complaint,* ¶ 14); (v) Francois and her representatives routinely communicated, by email and telephone, with Gleit in New York (*Complaint,* ¶ 13, 14, 15, 16, 21, 22, 24, 25, 26, 27, 29); (vi) Francois provided Gleit with a  total of approximately eight social introductions, which resulted in six social dates which took place in New York, as well as Washington D.C. and Florida (*Complaint,* ¶ 33).

To the contrary, the only allegation in the Complaint concerning any contact in Virginia is the allegation that Francois resides in Virginia (*Complaint,* ¶ 4).[2] In the context of this case, that contact is not "significant," and Virginia certainly cannot be considered the jurisdiction "with the most significant interest in, or relationship to, the dispute." *Bank of New York, supra,* 745 F.Supp. at 609.

As a result, Gleit respectfully asks the Court to conclude that New York law applies to his breach of contract claim and, as a result, Francois' motion to dismiss his claim under New

---

[2] In her Memorandum, Francois alleges that she performed services in Virginia; however, those allegations are not set forth in the Complaint and therefore should not be considered by the Court. *Campo v. Sears Holdings Corp., supra.*

Doc Num 259351-V1

York Dating Services Law should be denied.

**B.      Gleit's GBL § 394-c Claim is Not Dependent Upon the Choice of Law
Analysis Concerning Gleit's Breach of Contract Claim**

Even if, *arguendo*, Virginia law was properly applied to Gleit's breach of contract claim,

that determination would have no bearing upon whether the Complaint states a plausible claim

for relief under New York's Dating Services Law, GBL § 394-c.

New York's Dating Services Law, GBL § 394-c, governs the operation of social referral

services, or "match-makers," in New York. It is a consumer protection statute which mandates

certain requirements for contracts concerning social referral services and provides remedies for

purchasers of such services pursuant to contracts which fail to comply with the statute. The

statute defines "social referral service" to "include any service for a fee providing matching of

members of the opposite sex, by use of computer or any other means, for the purpose of dating

and general social contact." *GBL* § 394-c(1)(a).

The Complaint alleges that Francois operated a social referral service and the parties'

Agreement constituted a contract for social referral services as that term is defined in the statute.

(*Complaint,* ¶ 39). The Complaint further alleges that the parties' Agreement violated the statute

because, *inter alia,* (i) the Agreement charged an excess of $1,000 (GBL § 394-c(2)); (ii) the

Agreement does not provide for delivery of a specified number of social referrals per month

(GBL § 394-c(3)); (iii) the Agreement does not contain an option to cancel the contract and

receive a refund in the event the service provider does not provide a specified certain number of

referrals for two or more successive months (GBL § 394-c(4)); (iv) the Agreement does not

contain a notice of a right to cancel the contract within three days of receipt by a buyer (GBL §

394-c(7)); and (v) the Agreement does not contain the "Dating Service Consumer Bill of Rights"

required by the statute (GBL § 394-c(7)). (*Complaint,* ¶ 40).

As a result, the Complaint alleges that Gleit is entitled to recover his actual damages from Francois, which in this case constitute the full amount of all payments made by Gleit to Francois. (*Complaint*, ¶ 41); *see, generally, Rodriquez v. It's Just Lunch, Int'l.,* 300 F.R.D. 125 (S.D.N.Y. 2014) (granting class certification for claims under GBL § 394-c against provider of matchmaking services); *Doe v. Great Expectations,* 10 Misc.3d 618, 809 N.Y.S.2d 819 (Civil Court, N.Y. Cty. 2005) (after bench trial, granting clients of social referral service damages pursuant to GBL § 394-c in the full amount of all fees paid by clients); *State v. Leifer*, 89 Misc.2d 724, 392 N.Y.S.2d 175 (Sup. Ct. N.Y. Cty. 1976) (enjoining dating service from violating GBL § 394-c and directing service to make restitution to consumers who had paid more than the statutory maximum for such services).[3]

The Complaint states a plausible claim for relief under the statute. As a result, Gleit respectfully asks the Court to deny Francois' motion to dismiss Gleit's claim pursuant to GBL § 394-c.

## POINT II

### THE COMPLAINT STATES A PLAUSIBLE CLAIM
### UNDER GBL § 349

Gleit's second claim alleges that Francois' business practices, including the offer of an unlawful contract for social referral services within the State of New York, violated GBL § 349, which renders unlawful any deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of a service within New York State. As a result, Gleit seeks to

---

[3] Although not raised in Francois' motion, it should be noted that like all consumer protection statutes, the Dating Services Law is broadly construed to effectuate its purposes where there is a "transaction located in New York." *Doe v. Great Expectations, supra.* Indeed, the Court of Appeals has stated, in the context of an analogous consumer protection statute (GBL § 349), that if the alleged deception occurs in New York, the plaintiff may assert a claim under the statute (even if neither party resides in New York). *See, Goshen v. Mutual Life Ins. Co. of New York,* 98 N.Y.S.2d 314, 746 N.Y.S.2d 858 (2002). Since the Complaint alleges that Gleit is a New York resident and that the deception occurred in New York, the alleged deceptive conduct has more than sufficient nexus to New York to be

recover damages and reasonable attorneys' fees. *Complaint,* ¶ 42-49.

Francois argues that Gleit's GBL § 349 claim should be dismissed because: (i) Virginia law applies, not New York law; and (ii) the Complaint fails to adequately plead the elements of the claim under GBL § 349. Francois is incorrect in both of her arguments.

## A.     New York, Not Virginia, Law Applies to Gleit's Breach of Contract Claim

Francois repeats her argument asserted in connection with Gleit's GBL § 394-c claim that because Virginia law should apply to Gleit's breach of contract claim, Gleit's GBL § 349 claim must be dismissed. As discussed in Point I.A., *supra*, Virginia does not apply to the breach of contract claim and, even if it did, that has no bearing whatsoever upon applicability of GBL § 349. *See, Meachum v. Outdoor World Corp.,* 235 A.D.2d 462, 652 N.Y.S.2d 749 (2d Dept. 1997) (denying motion to dismiss GBL § 349 claim based on choice of law provision in the parties' agreement designating Pennsylvania law; choice of law "does not preclude assertion of statutory claim, inasmuch as the claim does not involve any issue relating to the terms of the contract or its interpretation"). And again, because the deceptive conduct occurred in New York, GBL § 349 applies and Gleit may assert a claim thereunder. *Goshen v. Mutual Life Ins. Co. of New York, supra*. Thus, Francois' first argument in support of her motion to dismiss this claim is without merit.

## B.     The Complaint States a Plausible Claim for Relief Under GBL § 349

Francois next argues that the Complaint fails to plead a cognizable claim under GBL § 349 because: (i) the Complaint does not allege that the deceptive acts were "consumer oriented;" and, (ii) the Complaint does not allege that Gleit's actions "were those of a reasonable consumer

---

actionable under GBL § 394-c.

acting reasonably." *Defendant's Memorandum,* p. 7.

GBL § 349 prohibits "deceptive acts or practices in the conduct of any business" in New York. The statute creates a private right of action for any person injured by a violation of the law. GBL § 349(h). To establish a *prima facie* case under GBL § 349, a plaintiff must establish: (i) the defendant directed deceptive acts at consumer; (ii) the defendant's acts misled in a material way; and (iii) an injury, as a result of defendant's acts. *City of New York v. Smokes-Spirits.com, Inc.,* 541 F.3d. 425, 455 (2d Cir. 2008); *Rodriquez v. It's Just Lunch, Intl.,* 2010 WL 685009 (S.D.N.Y. 2010); *Stutman v. Chemical Bank,* 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892 (2000). A plaintiff is not subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b) and need not prove intent to defraud of actual reliance to state a claim under GBL § 349. *Tellman v. McDonald's Corp.,* 396 F.3d. 508, 51 (2d Cir. 2005); *Stutman, supra; Buonasera v. Honest Company, Inc.,* 208 F.Supp.3d 555 (S.D.N.Y. 2016).

The first inquiry under GBL § 349 is whether the plaintiff has plead facts demonstrating the alleged deceptive "acts or practices have a broad impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995). This may be shown by allegations that the acts complained of "potentially affect similarly situated consumers." *Id.* at 27.

The Complaint alleges that Francois routinely provided matchmaking services to clients in New York (*Complaint,* ¶ 14); that Francois traveled to New York City approximately twice a month to work from an office that she maintained in New York City for that purpose (*Complaint,* ¶ 14); and that Francois marketed her services through a website and other communications directed into New York (*Complaint,* ¶ 12, 13, 14). Further, the Complaint alleges that "Defendant has engaged in consumer-oriented conduct that has affected the public interest of

New York and has resulted in injury to consumers in New York (*Complaint,* ¶ 45). As a result, the Complaint has pleaded facts demonstrating that Francois' deceptive acts have a broad impact on consumers at large and may potentially affect similarly situated consumers in New York State, satisfying the consumer-oriented acts requirement of the statute. *See, generally, Meachum v. Outdoor World Corp., supra* (denying motion to dismiss GBL § 349 claim based on allegations in the complaint that defendants engaged in deceptive conduct in New York by mailing misleading literature to New York residents, even though plaintiff executed contract in Pennsylvania).

Francois next argues that the Complaint fails to adequately allege that the deceptive conduct was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Stutman v. Chemical Bank, supra* (quoting *Oswego Laborers, supra*). However, the Complaint alleges that "Defendant's deceptive acts and practices were misleading to Gleit and would be misleading to a reasonable consumer." *Complaint,* ¶ 46. This allegation is certainly sufficient, at the pleading stage, to allege the elements of this claim in compliance with Fed. R. Civ. P. 8.

While Francois may ultimately contend, and attempt to prove, that her deceptive practices would not have mislead a reasonable consumer, that is a factual issue for determination at trial. *See, e.g., Buonasera, supra* ("Courts have generally held that since this second factor requires a reasonableness analysis, it cannot be resolved on a motion to dismiss. ... The Court therefore finds that whether Honest's products are misleading to a reasonable consumer is a question of fact better suited for the jury."); *Segedie v. Hain Celestial Group, Inc.,* 2015 WL 2168374, at *11-*12 (S.D.N.Y. 2015) ("It is not unreasonable as a matter of law to expect that a product labeled 'natural' or 'all natural' contains only natural ingredients…. Ultimately, the question is

Doc Num 259351-V1

one of reasonableness, which cannot be resolved on a Rule 12(b)(6) motion…. Whether the labels would mislead a reasonable consumer is a question of fact for the jury."); *Ault v. J.M. Smucker Co.,* 2014 WL 1998235, at *6 (S.D.N.Y. 2014) (regarding the use of the term 'all natural,' the court held that "the question is one of reasonability, which cannot be resolved on Defendant's motion to dismiss[.]"); *Quinn v. Walgreen Co.,* 958 F.Supp.2d 533, 543 (S.D.N.Y. 2013) ("[W]hether a particular act or practice is deceptive is usually a question of fact."); *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.,* 8 F.Supp.3d 467, 480 (S.D.N.Y. 2014) ("[T]he Court cannot hold as a matter of law that the product labels are not misleading to a reasonable consumer.").

As a result, Gleit respectfully asks the Court to deny Francois' motion to dismiss his claim pursuant to GBL § 349.

## POINT III

### THE COMPLAINT STATES A PLAUSIBLE CLAIM
### FOR A DECLARATORY JUDGMENT

Gleit's third claim seeks a declaratory judgment that the Agreement constitutes a marriage brokerage contract, which is void as a matter of law and that he is entitled to receive a full refund of all payments made by him to Francois pursuant to the unlawful and void Agreement. *Complaint,* ¶ 50-54.

Francois seeks dismissal of this claim because "the Complaint does not plead a marriage brokerage contract."

On the contrary, the Complaint alleges that the parties' Agreement recites that Francois "is in the business of providing introductions to individuals to enable them to meet others for the purpose of entering into long-term romantic relationships/marriage" (*Complaint,* ¶ 15) and, as a result, that "the Agreement constitutes a marriage brokerage contract, which is void as a matter

Doc Num 259351-V1

of law." *Complaint,* ¶ 51.

To the extent Francois intended to contend that she supplied social referral services, or matchmaking services, and not services for the purpose of marriage, that distinction has been discredited in *State v. Leifer*, *supra*. In *Leifer,* the attorney general brought an action against the operator of a business which matched men and women for purposes of marriage, seeking to enjoin the operator from alleged violations of GBL § 394-c. The court held that there was no significant difference, insofar as concerns the application of GBL § 394-c, between a service which introduces people for the purposes of marriage and a service that introduces people for other social purposes, such as dating or dancing. All such services would be covered by GBL § 394-c. *Id.* at 726.

Furthermore, the court held that contracts offered to consumers by a business which matches men and women for social purposes for a fee (i.e., a match-making service) constituted unlawful marriage brokerage contracts, void as against public policy in New York. *Id.*

As a result, the Complaint plausibly states a claim for relief for a declaratory judgment, and the motion should be denied.

**POINT IV**

**THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR
BREACH OF CONTRACT**

The Complaint alleges that the parties signed two written agreements (together, the "Agreement") and that Francois breached the parties' Agreement and the implied covenant of good faith and fair dealing therein by, *inter alia,* making repeated high pressure demands for additional payments from Gleit, which payments were not authorized by the parties' Agreement.

Francois contends that the Complaint fails to state a claim for breach of contract because it fails to allege a breach by Francois of any particular contract term.

Doc Num 259351-V1

To state a claim for breach of contract under New York law, a claimant must allege: (i) the formation of an agreement; (ii) performance of the agreement by one party; (iii) breach by the other party; and (iv) damages. *Berman v. Sugo LLC,* 580 F.Supp.2d 191, 202 (S.D.N.Y. 2008). "Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Id.* Rather, a claimant must demonstrate the existence of an enforceable contract, through specific allegations about the parties to the agreement, the date of the contract's formation, and the contract's "major terms." *Id.*

The Complaint meets all these requirements. It alleges that the parties executed two written agreements, the Agreement and the November Agreement, which together constituted an agreement between the parties (the "Agreement"). *Complaint,* ¶ 15, 16, 30. The Complaint further alleges the Agreement's major terms (*Complaint,* ¶ 17, 18, 19, 28-30) and the parties to the Agreement (*Complaint,* ¶ 15, 16, 30). Finally, the Complaint alleges that Francois' demand for additional payment, beyond the payments required by the Agreement constituted a breach of the parties' Agreement. *Complaint,* ¶ 21, 22, 57.

As a result, because the Complaint has alleged a plausible claim for breach of contract, Francois' motion to dismiss this claim should be denied.

## POINT V

## THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR UNJUST ENRICHMENT

Gleit's fifth claim alleges that Francois has been unjustly enriched at his expense, and seeks damages under the equitable doctrine of unjust enrichment. *Complaint,* ¶ 59-61.

Francois argues that the unjust enrichment claim is duplicative with Gleit's breach of contract claim and therefore should be dismissed.

Doc Num 259351-V1

To state a claim for unjust enrichment under New York law,[4] a claimant must allege facts establishing that: (i) the defendant benefitted; (ii) the benefit at the plaintiff's expense; and (iii) equity in good conscience require restitution. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.,* 448 F.3d 573, 586 (2d Cir. 2006). The theory of unjust enrichment sounds in quasi-contract. *Id.* Therefore, proof of an enforceable contract, either oral or written, precludes recovery under the theory of unjust enrichment.

However, Fed. R. Civ. P. 8(d) permits parties to plead alternative, even inconsistent, claims, and as a result, federal courts routinely permit parties to plead both breach of contract and quasi-contract claims in the alternative, despite the internal inconsistency of such pleading. *See, e.g., In re Ideal Mortgage Bankers, Ltd.,* 2013 WL 6813737 (E.D.N.Y. Bankr. 2013); *Rodriguez v. It's Just Lunch, Intl., supra,* 2010 WL 685009 at \*11; *Orange County Choppers, Inc. v. Olaes Enters., Inc.,* 497 F.Supp.2d 541, 557 (S.D.N.Y. 2007).

In *Rodriguez, supra,* defendant social referral service moved to dismiss an unjust enrichment claim as duplicative of a breach of contract claim. Under similar circumstances, the court denied the motion, finding that "since the plaintiffs have not, as of yet, demonstrated the existence of an enforceable contract(s), the unjust enrichment claim is not precluded, as a matter of law." *Rodriguez, supra.* The court concluded that "the plaintiffs' allegations that they paid the defendants for dating services, but received service of an inferior quality of what they had been

---

[4] New York's choice of law principles dictate that an interest analysis be applied to a claim sounding in equity, such as a claim for unjust enrichment and rescission. *Icebox-Scoops, Inc. v. Finanz St. Honore, B.V.,* 676 F.Supp.2d 100, 109-10 (E.D.N.Y. 2009). As noted in Point I, New York law – the law of the place where the alleged actions giving rise to the unjust enrichment claim occurred – should govern the unjust enrichment and rescission claim. In any event, Francois has not identified any material difference in the laws of Virginia and New York concerning the unjust enrichment or equitable rescission claims and, as such, the Court should apply New York law. *See, International Bus. Mach. Corp. v. Liberty Mut. Ins. Co.,* 363 F.3d 137, 143 (2d Cir. 2004) (In New York, the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws. "In the absence of substantive difference… a New York court will dispense with choice of law analysis and if New York is among the relevant choices, New York courts are free to apply it.")

promised, are sufficient to state a claim of unjust enrichment." Similarly, in this case, Gleit has

plead alternative theories of breach of contract and unjust enrichment arising from Francois'

unlawful and deceptive acts and practices, as he is fully permitted to do under Fed. R. Civ. P.

8(d).[5]

      As a result, Gleit respectfully asks the Court to deny Francois' motion to dismiss the

unjust enrichment claim.

**POINT VI**

**THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR FRAUD**

      The Complaint alleges that Francois and her representatives made a series of false

misrepresentations of fact, in which they misrepresented the nature and amount due under the

parties' Agreement. *Complaint,* ¶ 24, 31, 34. The Complaint further alleges that Francois'

material misrepresentations were false and known to be false by her, made for the purpose of

inducing Gleit to reply upon them to his detriment, and that Gleit justifiably and reasonably

relied on Francois' misrepresentations, causing him to sustain injury and damages. *Complaint,* ¶

63-65.

      Francois argues that the fraud claim should be dismissed because: (i) Gleit's alleged

reliance was not reasonable, as a matter of law; and (ii) it is duplicative of Gleit's breach of

contract claim. Neither of these arguments is sufficient to dismiss a fraud claim under Fed. R.

Civ. P. 12(b)(6).

**A.**      **The Complaint Sufficiently Pleads the Requisite Elements of Fraud**

      Under New York law, to state a claim for fraud, plaintiff must allege: (i) a

---

[5] Fed. R. Civ. P. 8(d)(3) states: "Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency."

Doc Num 259351-V1

misrepresentation or omission of material fact; (ii) which the defendant knew to be false; (iii) which the defendant made with the intention of inducing reliance; (iv) upon which the plaintiff reasonably relied; and (v) which caused injury to the plaintiff. *Wynn v. AC Rochester,* 273 F.3d 153, 156 (2d Cir. 2001).

Francois principally argues that Gleit's fraud claim fails, as a matter of law, because the Complaint does not allege, and Gleit cannot establish, that his reliance was reasonable.

As Francois notes, when assessing the reasonableness of a plaintiff's alleged reliance, the courts "consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.,* 343 F.3d 189, 195 (2d Cir. 2003). Any such determination is, by its nature, fact sensitive and, as a result, the reasonableness of a plaintiff's alleged reliance is generally a question of fact for trial. *See, e.g., ST Microelectronics N.V. v. Credit Suisse Sec. (USA) LLC,* 648 F.3d 68 (2d Cir. 2011) ("An evaluation of the reasonable-reliance element [should involve] many factors to consider and balance, no single one of which is dispositive. Accordingly, reasonable reliance is often a question of fact for the jury rather than a question of law for the court."); *Abu Dhabi Comm. Bank v. Morgan Stanley & Co., Inc.,* 888 F.Supp.2d 478 (S.D.N.Y. 2012).

Certainly, Francois may ultimately argue, either at the summary judgment or trial stage, that Gleit's alleged reliance was not reasonable. However, since the Complaint alleges reasonable reliance (*Complaint,* ¶ 64), the Complaint adequately pleads fraud.

## B.   The Fraud Claim is Not Duplicative of the Breach of Contract Claim

Francois next argues the fraud claim should be dismissed as duplicative of the breach of contract claim.

Doc Num 259351-V1

Under New York law, a plaintiff cannot recover for fraud and breach of contract in the same action unless plaintiff demonstrates a legal duty separate from the duty to perform under the contract, a fraudulent misrepresentation extraneous to the contract or seeks special damages that are caused by the misrepresentation and/or unrecoverable as contract damages. *See, generally, Thompson Kernaghan & Co. v. Glob. Intellicom, Inc.,* 2000 WL 640653 (S.D.N.Y. 2000).

Once again, however, because Fed. R. Civ. P. 8 permits alternative, inconsistent pleading, it would be premature to determine, based solely on the pleading, that these claims are impermissibly duplicative.

As a result, because this argument is premature, Francois' motion to dismiss the fraud claim should be denied in its entirety.

## POINT VII

### THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR RESCISSION OF THE PARTIES' AGREEMENT

Gleit's seventh claim alleges that Defendant intentionally made false representations to him with an intent to deceive him, and he reasonably relied on such misrepresentations to his detriment. As a result, the Complaint alleges that Gleit is entitled to equitable rescission of the Agreement and refund of all payments made by him to Defendant. *Complaint,* ¶ 66-69.

New York law provides for a rescission remedy arising from either fraud or breach of contract. First, fraud sufficient to support a rescission remedy requires only a misrepresentation that induces a party to enter into a contract resulting in some detriment, and "unlike a cause of action in damages on the same ground, proof of scienter and pecuniary loss is not needed." *DeAngelo v. Bob Hastings Oldsmobile, Inc.,* 89 A.D.2d 785, 785, 453 N.Y.S.2d 503 (4th Dept. 1982), *aff'd,* 59 N.Y.2d 773, 464 N.Y.S.2d 724 (1983); *Board of Managers of Soundings*

Doc Num 259351-V1

*Condominium v. Foerster,* 138 A.D.3d 160, 25 N.Y.S.3d 202 (1st Dept. 2016).

The Complaint alleges that Francois and her representatives made a series of misrepresentations to Gleit to induce him to execute the November Agreement and to pay Francois additional amounts, not required by the Agreement, resulting in economic detriment to Gleit. *Complaint,* ¶ 24-32. Thus, Gleit has stated a plausible claim for rescission of both the Agreement and November Agreement based upon fraud.

Second, a plaintiff may obtain rescission of an agreement – in lieu of actual damages – when a breach of contract is either "material and willful" or "so substantial and fundamental" that it "strongly tends to defeat" the purpose of the contract. *Pyskaty v. Wide World of Cars, LLC,* 856 F.3d 216 (2d Cir. 2017); *Graham v. James,* 144 F.3d 229, 237 (2d Cir. 1998). Because it is an equitable remedy, rescission is available only if damages would not be a "complete and adequate" remedy and "the status quo may be substantially restored" by equitable relief. *Rudman v. Cowles Communications, Inc.,* 30 N.Y.2d 1, 330 N.Y.S.2d 33 (1972).

The Complaint seeks rescission based upon Francois' fraudulent misrepresentations. *Complaint,* ¶ 66-69. Francois incorrectly argues that Gleit's claim for rescission arises from his breach of contract claim, and that the rescission claim should be dismissed because the Complaint fails to allege a breach "going to the root of the contract;" in other words, a breach so substantial and fundamental that it strongly tends to defeat the purpose of the contract.

Again, the rescission claim is not premised upon breach of contract, but if it were, it would survive the motion. The Complaint alleges that Francois induced Gleit to pay money, well in excess of the price set in the parties' Agreement. Certainly, this is a breach which goes to the root of the contract and is so substantial or fundamental that it strongly tends to defeat the purpose of the contract. In short, Gleit paid more than ten times the contractual price, and

Doc Num 259351-V1

received only *de minimis* services in return. That breach goes to the root of the contract.

Francois also argues that rescission is an inappropriate remedy because the parties cannot be restored to the *status quo ante* since Francois rendered services to Gleit which cannot be returned as a factual matter. This is, frankly, nonsense. To the extent rescission is directed, the parties can be restored to the *status quo ante* by requiring Francois to return all payments made to her by Gleit, and thereafter, Francois could be compensated for the *de minimis* services rendered by her thereafter. *See, e.g., Randall v. Loftsgaarden*, 478 U.S. 647, 671-71 (1986) (Brennan, J., dissenting) ("In practice, where the defendant has sold something to the plaintiff for money, the steps leading to return to the status quo are streamlined: generally the plaintiff must tender the subject of the sale to the defendant and the defendant must tender to the plaintiff the sale price plus interest, minus whatever direct value the plaintiff has received from the transaction.").

In short, Gleit's request for rescission states a plausible claim under either of the fraud or breach of contract theories, either of which is sufficient to deny the motion.

As a result, Francois' motion to dismiss Gleit's rescission claim should be denied in its entirety.

## POINT VIII

## <u>THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR PUNITIVE DAMAGES</u>

Francois finally argues that Gleit's demand for punitive damages should be stricken as a matter of law.

Under New York law, "punitive damages are not recoverable for ordinary breach of contract as the purpose is not to remedy private wrongs, but to vindicate public rights." *Rocanova v. Equitable Life Assurances Society,* 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339 (1994).

Of course, the allegations in the Complaint certainly seek to vindicate public rights, since it seeks a declaration that Francois' conduct directed into New York violates GBL § 394-c and, therefore, GBL § 349, which implicate the public rights. Moreover, the Complaint alleges not only breach of contract, but violation of two separate consumer protection statutes, fraud, and other legal and equitable claims.

Because the claim for punitive damages is appropriately supported by allegations in the Complaint, and because the determination of whether Gleit is entitled to recover punitive damages is premature, Francois' motion to dismiss the punitive damages claim should be denied. *See, e.g., Colombini v. Westchester County Healthcare Corp.,* 24 A.D.3d 712, 808 N.Y.S.2d 705 (2d Dept. 2005) (summary judgment on request for punitive damages should be denied when discovery not complete concerning conduct which form the basis of request for punitive damages.

### CONCLUSION

For the foregoing reasons, Plaintiff Paul Gleit respectfully asks the Court to deny Defendant's motion to dismiss the Complaint in its entirety and award such other and further relief as the Court may deem appropriate.

Dated:     New York, New York          KAUFMANN GILDIN & ROBBINS LLP
           April 5, 2018               *Attorneys for Plaintiff Paul Gleit*

                                       By: _____
                                           Daniel Gildin
                                           Kevin M. Shelley
                                           767 Third Avenue, 30th Floor
                                           New York, New York 10017
                                           212.755.3100

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL GLEIT,

                         Plaintiff,                              Docket No.: 18-cv-00311-GBD-KHP

     -against-                                                  CERTIFICATION OF SERVICE

TAYLOR FRANCOIS-BODINE,
Individually and d/b/a FRANCOIS-BODINE
CONSULTING

                         Defendant.


        I hereby certify on this 5th day of April, 2018, a copy of Plaintiff's Memorandum of Law
in Opposition to Defendant's Motion to Dismiss the Complaint, dated April 5, 2018 was served
upon the following by email and Federal Express:

                 Taylor Francois-Bodine
                 42779  Travers Run
                 Leesburg VA 20176
                 Tfrancois16@gmail.com


Dated:  April 5, 2018

                                              _____
                                              Kevin M. Shelley