UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL GLEIT,

                Plaintiff,

-against-

TAYLOR FRANCOIS-BODINE, individually and d/b/a FRANCOIS-BODINE CONSULTING,

                Defendant.

Case No. 18-cv-00311-GBD-KP

RECEIVED
SDNY PRO SE OFFICE
2018 APR 10  PM 12: 43
S.D. OF N.Y.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/18

## PROPOSED CASE MANAGEMENT PLAN FOR PRO SE CASE

**1.    Summary of Claims, Defenses, and Relevant Issues.**

Defendant Taylor Francois-Bodine

    Plaintiff filed an insufficiently-pleaded seven-count complaint with multiple claims that duplicate its basic breach of contract claim for services requested by and provided to Plaintiff. The legally insufficient claims are: (1) Violation of New York General Business Law § 394-c (Limitations on Certain Contracts Involving Social Referral Services), (2) Violation of New York General Business Law § 349 (Deceptive Acts and Practices), (3) Declaratory Judgment (Void Marriage Brokerage Contract), (4) Breach of Contract, (5) Unjust Enrichment, (6) Common Law Fraud, and (7) Rescission. Plaintiff also seeks punitive damages.

    A motion to dismiss every claim and Plaintiff's request for punitive damages is being briefed. The reply memorandum of law is due April 12, 2018. Argument is set for that date too.

    Defendant has not answered the complaint yet due to the pending motion to dismiss. Reserving all rights to add, subtract, or amend its defenses in its answer, Defendant states:

    a) The complaint fails to state a claim upon which relief may be granted for all the reasons explained in the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, filed at Doc. No. 14.
    b) Plaintiff's claims are barred by the doctrines of ratification, consent, acquiescence, waiver, partial performance, payment, estoppel, laches, and/or unclean hands.
    c) Plaintiff's claims are barred or reduced by the doctrines of set off, unjust enrichment, and/or recoupment.

2. **I understand my obligation to and am preserving relevant information.**

   Defendant Taylor Francois Bodine

3. **Proposed Schedule.**

   All discovery should be completed by September 7, 2018.

   a. Depositions: Depositions shall be completed by July 15, 2018.

   b. Neither party may take more than seven depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   c. Initial Requests for Documents must be made by April 23, 2018.

   d. Responses to Requests for Documents must be made by May 23, 2018.

   e. Documents from third-parties (such as doctors) will be required. If required, the following are the third-parties from whom Documents will be requested.

   - Kimberly Simonnetti
   - Margaux Cherit
   - Sara Malamud
   - Traci Porterfield
   - One or more of the persons who met with Plaintiff

   f. Subpoenas requesting Documents from third-parties must be served by May 4, 2018. Documents obtained from third-parties must be provided to all parties in this matter.

   g. There will not be expert testimony in this case. If expert testimony will be needed, please describe the topic on which the expert(s) is expected to testify.

4. **Early Settlement or Resolution.**

   The parties have discussed the possibility of settlement. The parties request a settlement conference no later than <u>May 25, 2018</u>. The following information is needed before settlement can be discussed:

   _____

5. **Other Matters.**

   Plaintiff(s)/Defendant(s) (circle one) wish to discuss the following additional matters at the Initial Case Management Conference.

   None.
   _____
   _____

   Respectfully submitted this 10th day of April, 2018.

   *Taylor Francois-Bodine*
   Taylor Francois-Bodine
   42779 Travers Run, Leesburg, VA 20176
   tfrancois16@gmail.com
   Tel: 202-510-2298
   Defendant