UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL GLEIT,<br><br>                           Plaintiff,<br><br>          -against-<br><br>TAYLOR FRANCOIS-BODINE, individually and d/b/a<br>FRANCOIS-BODINE CONSULTING,<br><br>                           Defendant. | Case No. 18-cv-00311-GBD-KHP |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

TAYLOR FRANCOIS-BODINE
42779 Travers Run
Leesburg, VA 20176

*Defendant pro se*

## TABLE OF CONTENTS

Page

Table of Authorities                                                                          i

Point 1. The court may analyze choice of law on a motion to dismiss and
should conclude that Virginia law governs this dispute.                                      1

Point 2. Plaintiff's fraud claim must be dismissed because the complaint
does not plead that plaintiff's purported reliance was reasonable.                           2

Point 3. Plaintiff's violation of New York General Business Law § 349
must be dismissed because the complaint does not plead behavior directed
to or injury sustained by the public at large.                                              3

Point 4. Plaintiff's request for punitive damages must be dismissed
because the complaint does not plead behavior directed to or injury
sustained by the public at large or a fraud claim.                                          5

Point 5. Plaintiff's request for rescission must be dismissed because
money damages will suffice and the parties cannot be returned to the
status quo ante.                                                                            6

Point 6. Plaintiff's request for a declaratory judgment that the May
Agreement is a marriage brokerage contract must be denied.                                  7

Point 7. Plaintiff still fails to allege a breach of contract claim.                        7

TABLE OF AUTHORITIES

Page

Cases

*Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478
(S.D.N.Y. 2012)                                                                     2

*Angermeir v. Cohen*, 14 F. Supp. 3d 134 (S.D.N.Y. 2014)                             4

*Ault v. J.M. Smucker Co.*, No. 13 Civ. 3409 (PAC), 2014 U.S. Dist.
LEXIS 67118 (S.D.N.Y. May 15, 2014)                                                 4

*Bd. of Managers of the Soundings Condo. v. Foerster*, 2016 NY Slip Op.
01273, 138 A.D.3d 160, 25 N.Y.S.3d 202 (App. Div. 2016)                             6

*Buonasera v. Honest Co.*, 208 F. Supp. 3d 555 (S.D.N.Y. 2016)                       4

*Colombini v. Westchester Cty. Healthcare Corp.*, 2005 NY Slip Op.
10095, 24 A.D.3d 712, 808 N.Y.S.2d 705 (App. Div. 2005)                             5

*D'Angelo v. Bob Hastings Oldsmobile, Inc.*, 89 A.D.2d 785, 453 N.Y.S.2d
503 (App. Div. 1982)                                                                6

*Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467
(S.D.N.Y. 2014)                                                                     5

*Graham v. James*, 144 F.3d 229 (2d Cir. 1998)                                       6

*Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011)               4

*Patel v. N.Y. Life Ins. Co.*, No. 11 Civ. 4895 (JPO), 2012 U.S. Dist.
LEXIS 72717 (S.D.N.Y. May 21, 2012)                                                 1

*Pennecom B. V. v. Merrill Lynch & Co., Inc.*, No. 02 Civ. 5355 (DC),
2005 U.S. Dist. LEXIS 18130 (S.D.N.Y. Aug. 25, 2005)                             1, 2, 3

*Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216 (2d Cir. 2017)                    6

*Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533 (S.D.N.Y. 2013)                         4

*Randall v. Loftsgaarden*, 478 U.S. 647, 649 (1986)                                  6

*Rudman v. Cowles Commc'ns, Inc.,* 30 N.Y.2d 1, 330 N.Y.S.2d 33, 280
N.E.2d 867 (N.Y. 1972)                                                              6

*Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 U.S.
Dist. LEXIS 60739 (S.D.N.Y. May 7, 2015)                                            4

*STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68
(2d Cir. 2011) ............................................................................ 2

<u>Statutes and Rules</u>

Fed R. Civ. P. Rule 8 ............................................................... 1, 3

Fed R. Civ. P. Rule 9(b) ........................................................... 1

Fed R. Civ. P. Rule 12(b)(6) .................................................... 1

New York General Business Law § 349 .................................. 3, 4

New York General Business Law § 394-c ............................... 7

Defendant Taylor Francois-Bodine dba Francois-Bodine Consulting ("FB Consulting"), proceeding *pro se*, respectfully submits this reply memorandum of law in further support of her motion and memorandum of law (the "Moving Brief" or "Mov. Br.") under Rules 12(b)(6), 9(b) & 8, Fed. R. Civ. P., for an order dismissing the complaint in this action in its entirety and with prejudice.

REPLY

Nothing in the Opposition Memorandum of Law (The "Opposition Brief" or "Opp. Br.") filed by plaintiff changes the conclusion that the complaint must be dismissed in its entirely and with prejudice.

**Point 1. The court may analyze choice of law on a motion to dismiss and should conclude that Virginia law governs this dispute.**

The court may analyze choice of law on a motion to dismiss and should conclude that Virginia law governs this dispute. "Where the relevant facts are sufficiently clear, courts in this Circuit have engaged in choice-of-law analysis at the motion to dismiss stage." *Patel v. N.Y. Life Ins. Co.*, No. 11 Civ. 4895 (JPO), 2012 U.S. Dist. LEXIS 72717, at *8 (S.D.N.Y. May 21, 2012) (holding that Georgia, not New York, law applied). *See Pennecom B. V. v. Merrill Lynch & Co., Inc.*, No. 02 Civ. 5355 (DC), 2005 U.S. Dist. LEXIS 18130, 2005 WL 2044948 (S.D.N.Y. Aug. 25, 2005). Here, that analysis requires application of Virginia law. *See* Moving Br. at 5-6. The factors cited by the Opposition Brief are merely the other side of the same coin, and therefore, do not tip the analysis in favor of the application of New York law, where plaintiff solicited the services from the out-of-state defendant, whom he knew resided out of state, for services that he knew would be performed "nationally." Compl. ¶ 12. For example, the Opposition Brief asserts that plaintiff communicated with defendant and her representatives, executed the agreements, and paid defendant while he was resident in New York. Opp. Br. at 5. The inverse of those

1

allegations is that defendant and her representatives communicated with plaintiff, executed the agreements, and was paid by plaintiff while she was resident in Virginia.

**Point 2. Plaintiff's fraud claim must be dismissed because the complaint does not plead that plaintiff's purported reliance was reasonable.**

The Opposition Brief argues that whether a party reasonably relied on an allegedly fraudulent statement may not be determined at the pleading stage. Opp. Br. at 16. The Opposition Brief also argues that plaintiff's single allegation that "Gleit justifiably and reasonably relied on defendant's misrepresentations, causing him to sustain injury and damages" meets the heightened pleading requirements of fraud. *Id.* (citing Compl. ¶ 64).

Both arguments fail.

First, fraud claims are regularly dismissed at the motion to dismiss stage where reasonable reliance is not pleaded. *Pennecom B.V.*, 2005 U.S. Dist. LEXIS 18130, at *24 (dismissing fraud claim at the motion to dismiss stage); *see* Opp. Br. at 10-12 (citing cases). Neither case cited by plaintiff allegedly for this proposition concerns the application of Rule 9(b) to the pleading of fraud claims, or motions to dismiss. In *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68 (2d Cir. 2011), the Second Circuit addressed an appeal of orders that (1) confirmed an arbitral award in favor of petitioner client and denied a motion to vacate the award, and (2) denied in relevant part the trader's motion to alter or amend the prior judgment. Neither its procedural posture nor questions of law inform the issues in this motion to dismiss. *Id.* Plaintiff relies on it solely for its dicta that reasonable reliance *may* be, but is not necessarily, an issue of fact not a question of law made within the larger context of a discussion of "manifest disregard." 648 F.3d at 81. In *Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478 (S.D.N.Y. 2012), Judge Scheindlin addressed certain plaintiffs' requests for reconsideration of a prior order made on a motion for summary judgment dismissing fraud

claims against ratings agencies. Necessarily, given its procedural posture, the case cited by plaintiff does not address the pleading standard for claims of fraud. Nor is the general statement that reasonable reliance may be a question of fact or a question of law, cited by the Opposition Brief, conclusive. Opp. Br. 16. Further, in an apparent concession that defendant's discussion of the applicable law is correct, the Opposition Brief does not even try to distinguish the cases cited by defendant in support of this proposition. *Compare* Opposition Brief *with* Moving Brief at 10-12 & cases cited.

Second, plaintiff's single threadbare recital of the element of "justifiabl[e] and reasonabl[e] reliance," his allegation that he did not understand the nature of or reason for the payments purportedly requested, and no factual allegations suggesting reliance is remotely plausible fails to meet the low bar set in Fed. R. Civ. Pro. Rule 8, much less the heightened specificity required by Rule 9(b). *See* Moving Br. 10-12 & cases cited; *Pennecom B.V.,* 2005 U.S. Dist. LEXIS 18130, at *24 ("PenneCom's fraud claim must fail because there is no indication that PenneCom believed the allegedly false statements made by defendants or acted -- or failed to act -- on any such false statements.")

**Point 3. Plaintiff's violation of New York General Business Law § 349 must be dismissed because the complaint does not plead behavior directed to or injury sustained by the public at large.**

Plaintiff's violation of New York General Business Law § 349 must be dismissed because the complaint does not plead behavior directed to or injury sustained by the public at large. The complaint pleads no deceptive consumer-oriented conduct and no consumer-wide injury. Moving Br. at 7-8. The plaintiff's allegations are specific to him and his unique transactions with defendant. *See generally* Compl. He claims breach, among other claims, solely of his own contracts. *Id.* The allegations of plaintiff's personal communications and contracts with

3

defendant, by their nature, cannot be universal to other transactions or impact the public at large. *See Angermeir v. Cohen*, 14 F. Supp. 3d 134, 157-58 (S.D.N.Y. 2014) (dismissing § 349 claim because the nature of the allegations of the conduct and the injury set forth in the complaint clearly related to an individual situation and not consumers at large); *see Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) (dismissing § 349 claim because the complaint alleged conduct affecting the client alone, not consumers at large, and injury belonging solely to the client, but did not identify or describe conduct—deceptive or otherwise— that affected consumers).

The Opposition Brief's cases do not change this result. Opp. Br. 10-11. The cases are factually inapposite and, in fact, illustrate that plaintiff has failed to plead sufficient allegations to sustain a § 349 claim. Opp. Br. 10-11. Plaintiff relies on a set of cases concerning package-labeling and marketing materials, each of which clearly alleges facts -- and not a conclusory allegation -- in support of the § 349 claim. In *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555 (S.D.N.Y. 2016), the plaintiff alleged the purportedly offending conduct (in that case, a printed statement). The Court held only that whether the statement alleged would mislead a consumer was a question of fact. *See Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 U.S. Dist. LEXIS 60739 (S.D.N.Y. May 7, 2015) (plaintiff alleged the specific food products and body care items bearing the labels, "organic," "natural," or "all natural", that the deceptive behavior was that such labels were misleading, and that relying on such labels, consumers were injured by buying the products and/or buying them at a premium); *Ault v. J.M. Smucker Co.*, No. 13 Civ. 3409 (PAC), 2014 U.S. Dist. LEXIS 67118 (S.D.N.Y. May 15, 2014) ("Plaintiff alleges that Crisco Oil's 'All Natural' logo is deceiving because the product contains GMOs and is heavily processed."); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533 (S.D.N.Y. 2013) ("Here,

plaintiffs have plausibly alleged that defendant's representation that the Glucosamine Supplements "help rebuild cartilage" is false or deceptive."); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014) ("The Complaint alleges that the term "Active Naturals" is deceptive because it conveys to consumers that the Aveeno products are completely natural, yet the products contain synthetic ingredients. Plaintiff also alleges that defendant knows a claim of "natural" on a product is a purchase motivator for consumers, and that defendant uses "Active Naturals" on the labels and in advertising to entice consumers to purchase defendant's mostly unnatural products.") *See also Heskiaoff v Sling Media, Inc.*, No. 17-1094-cv, 2017 U.S. App. LEXIS 23620 (2d Cir. N.Y. Nov. 22, 2017).

It is clear that in each such case, the plaintiff alleged the offending statement in its complaint, why the statement offended the statute, and a resulting consumer-wide injury. Such factual allegations are absent here. Plaintiff's allegation that "Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York"[1] (Opp. Br. 9-10 (citing Compl. ¶ 45)) does not satisfy even the bare bones pleading standard and its claim must be dismissed.

**Point 4. Plaintiff's request for punitive damages must be dismissed because the complaint does not plead behavior directed to or injury sustained by the public at large or a fraud claim.**

Plaintiff's request for punitive damages must be dismissed because the complaint does not plead behavior directed to or injury sustained by the public at large or a fraud claim. *See supra*; Moving Br. 14-15. *Colombini v. Westchester Cty. Healthcare Corp.*, 2005 NY Slip Op.

---

[1]     The Complaint (¶¶ 12-14) and Opposition Brief (p. 9) mention that defendant has a website and may do business in multiple states, but plaintiff alleges no conduct in either context that is allegedly deceptive. The sole instance of deception alleged in the complaint are defendant's purported statements about credit card and bank fees made to plaintiff. *See* Complaint.

10095, 24 A.D.3d 712, 808 N.Y.S.2d 705 (App. Div. 2005), cited by the Opposition Brief at p. 20, does not apply here. The Second Department considered whether the availability of punitive damages for sufficiently pleaded conduct (which allegations are *not* made in the complaint by plaintiff in this case) could be decided on a motion for summary judgment prior to the conclusion of discovery. On the facts in that case, the court answered "no." *Id.*

**Point 5. Plaintiff's request for rescission must be dismissed because money damages will suffice and the parties cannot be returned to the status quo ante.**

Plaintiff's request for rescission must be dismissed because money damages will suffice and the parties cannot be returned to the status quo ante. *See* Moving Brief at 13-14. The Opposition Brief makes no compelling argument otherwise. None of plaintiff's cases cited on pages 17-19 of the Opposition Brief stand for the proposition that money damages are not entirely sufficient in this circumstance or that the parties can be returned to the status quo ante in a rescission situation. Every case plaintiff cites concerns goods, not services, or, finds that rescission is not appropriate. *Id.* (citing *D'Angelo v. Bob Hastings Oldsmobile, Inc.*, 89 A.D.2d 785, 453 N.Y.S.2d 503 (App. Div. 1982) (concerning return of goods, not services); *Bd. of Managers of the Soundings Condo. v. Foerster*, 2016 NY Slip Op. 01273, 138 A.D.3d 160, 25 N.Y.S.3d 202 (App. Div. 2016) (action to rescind the conveyance of a condominium apartment, not contract for services); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216 (2d Cir. 2017) (concerning return of goods, not services); *Graham v. James*, 144 F.3d 229, 238 (2d Cir. 1998) (making no award, and remanding to the district court on other issues concerning the rescission claim); *Rudman v. Cowles Commc'ns, Inc.,* 30 N.Y.2d 1, 14, 330 N.Y.S.2d 33, 280 N.E.2d 867 (N.Y. 1972) (holding that "plaintiffs are not entitled as a matter of law to rescission" because "damages appear adequate and it is impracticable to restore status quo"); *Randall v. Loftsgaarden*, 478 U.S. 647, 649 (1986) (concerning the sale of securities, not services)).

6

**Point 6. Plaintiff's request for a declaratory judgment that the May Agreement is a marriage brokerage contract must be denied.**

Plaintiff's request for a declaratory judgment that the May Agreement is a marriage brokerage contract must be denied. Plaintiff relies on *State v. Leifer*, 89 Misc. 2d 724, 392 N.Y.S.2d 175 (N.Y. Sup. Ct. 1976) for its argument that New York law does not recognize a distinction between a "marriage brokerage contract"—which requires payment upon marriage and, potentially, a refund if the marriage breaks apart—and contracts for referral services to persons for dating or potential marriage purposes. Opp. Br. 12. Plaintiff then concludes that all such contracts are void against public policy. *Id.* Plaintiff asks too much of that case. *Leifer* holds only that New York General Business Law § 394-c applies equally to contracts for referral services for dating and for potential marriage. It does not void all such contracts and thereby render § 394-c moot. Plaintiff cannot plead a marriage brokerage contract on the facts alleged as a matter of law.

**Point 7. Plaintiff still fails to allege a breach of contract claim.**

Plaintiff still fails to allege a breach of contract claim. *See* Mov. Br. 8-9. The complaint nowhere alleges a contract terms that payments additional to those within the contract cannot be requested, or additional contracts made. The allegation that plaintiff paid more than $35,000— assuming for purposes of this motion that it is true—does not prove that either contract was breached. *See* Moving Br.

## CONCLUSION

For all of the reasons set forth in this reply memorandum and in the moving memorandum, defendant respectfully requests that the complaint in this action be dismissed in its entirety, and with prejudice.

Dated: Leesburg, Virginia               Respectfully submitted,
      April 12, 2018

                              TAYLOR FRANÇOIS-BODINE

                              42779 Travers Run
                              Leesburg, VA 20176
                              tfrancois16@gmail.com
                              Tel: 202-510-2298

                              *Pro se defendant*

8